09-2609-cv
FCS Advisors, Inc. v. Fair Finance Company, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: February 22, 2010                         Decided: May 24, 2010)

Docket No. 09-2609-cv

FCS ADVISORS, INC.,

*Plaintiff-Counter-Defendant-Appellee,*

v.

FAIR FINANCE COMPANY, INC.,

*Defendant-Counter-Claimant-Appellant.*

Before: CABRANES and B.D. PARKER, *Circuit Judges*, and UNDERHILL, *District Judge.*[*]

The question presented is whether post-judgment interest should be calculated at the federal rate provided for under 28 U.S.C. § 1961(a) or at the rate provided for under New York law where our jurisdiction is premised on the diversity of the citizenship of the parties and the contract giving rise to the action contains a choice-of-law provision directing application of New York law. We hold that the federal rate applies and that, although parties may agree by contract to a different rate, the choice-of-law provision at issue here is insufficient to indicate that the parties intended a different rate to apply.

The judgment of the District Court is affirmed, in part (in a separate summary order), insofar as it entered summary judgment in favor of plaintiff, and vacated, in part, insofar as it calculated the rate

---

[*] The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

of post-judgment interest in accordance with New York law.

GREGORY E. GALTERIO (Ira N. Glauber, *of counsel*), Jaffe & Asher, LLP, New York, NY, *for Appellant Fair Finance Company, Inc.*

ROGER E. BARTON (Randall L. Rasey, *of counsel*), Barton Barton & Plotkin LLP, New York, NY, *for Appellee FCS Advisors, Inc.*

PER CURIAM:

The question presented is whether post-judgment interest should be calculated at the federal rate provided for under 28 U.S.C. § 1961(a)[1] or at the rate provided for under New York law where our jurisdiction is premised on the diversity of the citizenship of the parties and the contract giving rise to the action contains a general choice-of-law provision requiring the application of New York law.

Defendant-appellant Fair Finance Company, Inc. ("FairFin" or "defendant") appeals from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*) entered on May 20, 2009 and amended on June 10, 2009, granting summary judgment to plaintiff FCS Advisors, Inc. d/b/a Brevet Capital Advisors ("Brevet" or "plaintiff") on plaintiff's breach of contract claim. The District Court entered judgment against defendant in the amount of $1,716,248.43, which included post-judgment interest calculated at a rate of 9% per annum in accordance with New York law.

---

[1] This subsection provides as follows:

Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

28 U.S.C. § 1961(a).

In a separate summary order entered today, we affirm the judgment of the District Court insofar as it granted summary judgment to plaintiff. In this *per curiam* opinion, we address solely whether the District Court erred in applying New York law rather than federal law to determine the rate of post-judgment interest.

We hold that the federal rate of interest applies in diversity cases such as this one. Although the parties may contractually agree to a different rate, their intent to do so must be clear and unequivocal. We hold that the choice-of-law provision in this case does not demonstrate a clear and unequivocal intent to apply New York law to the calculation of post-judgment interest. Accordingly, we vacate the judgment of the District Court only insofar as it applied the New York rate, and we remand the cause to the District Court for calculation of post-judgment interest in accordance with the federal rate provided for under 28 U.S.C. § 1961(a).[2]

## BACKGROUND

This appeal arises from Brevet's lawsuit against FairFin for breach of contract. Representatives of Brevet and FairFin signed a letter of intent ("LOI") on June 1, 2007, reflecting their agreement to consider a transaction whereby Brevet would provide FairFin with up to $75 million in financing. Among other things, the LOI granted Brevet a "right of first refusal," or option, to provide financing to FairFin on certain terms. If Brevet exercised its option, FairFin was required to deal exclusively with Brevet and would be liable for a $1.5 million "break-up" fee if it entered into another transaction in lieu

---

[2] Shortly before this appeal was argued, the panel was informed that involuntary bankruptcy proceedings had been commenced against defendant in the Northern District of Ohio. *See In re Fair Finance Company*, No. 10-50494 (Bankr. N.D. Ohio filed Feb. 8, 2010). We therefore entered an order dismissing the appeal without prejudice to being reinstated, upon a letter request from either party, in the event that the automatic bankruptcy stay was lifted insofar as it applied to this appeal. *See FCS Advisors, Inc. v. Fair Finance Company, Inc.*, No. 09-2609-cv (2d Cir. Mar. 10, 2010).

On April 29, 2010, we received a letter from plaintiff's counsel seeking reinstatement based on an April 28, 2010 order of the Bankruptcy Court modifying the automatic stay "to allow the Second Circuit Court of Appeals to enter a decision" in this appeal. *See In re Fair Finance Company*, No. 10-50494, Docket Entry No. 128 (Bankr. N.D. Ohio Apr. 28, 2010). Having reviewed that order and determined that there is no further obstacle to our disposition of this matter, we reinstate the appeal.

3

of the Brevet transaction. The LOI also contained a choice-of-law provision that required it to be governed by, and construed in accordance with, New York law.[3] Although Brevet exercised its option, the Brevet-FairFin financing transaction was never consummated. Following the transaction's failure to close, Brevet brought the underlying suit claiming that FairFin had breached the exclusivity provisions of the LOI and that Brevet was entitled to the $1.5 million break-up fee plus due diligence expenses it had incurred. The District Court agreed, and granted summary judgment in favor of Brevet. *FCS Advisors, Inc. v. Fair Fin. Co.*, No. 07 Civ. 6456, 2009 WL 1403869 (S.D.N.Y. May 19, 2009). We affirm the District Court's order granting summary judgment in a separate summary order entered today, for the reasons stated therein.[4]

After the District Court entered judgment in the amount of $1,531,371.75 on May 20, 2009, plaintiff moved that the judgment be amended to include pre- and post-judgment interest. By an order entered June 9, 2009, the District Court granted plaintiff's motion and awarded both pre- and post-judgment interest at a rate of 9% per annum in accordance with New York law. *FCS Advisors, Inc. v. Fair Fin. Co.*, 07 Civ. 6456, 2009 WL 1616518 (S.D.N.Y. June 9, 2009) (relying on N.Y. C.P.L.R. § 5004).[5] Although it was undisputed that New York law governed the rate of *pre*-judgment interest, *id.*,

---

[3] The choice-of-law provision states in its entirety as follows:

> Choice of Law/Forum. This Letter shall be governed by and construed in accordance with the laws of the State of New York. Each of the parties to this Letter submits to the jurisdiction of any state or federal court sitting in the State of New York, in any action or proceeding arising out of or relating to this Letter and agrees that all claims in respect of the action or proceeding may be heard and determined in any such court. Each of the parties waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought and waives any bond, surety, or other security that might be required of any other party with respect thereto.

J.A. 41.

[4] Although this opinion addresses only the question of post-judgment interest, the foregoing facts are provided by way of background.

[5] New York law provides that "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." N.Y. C.P.L.R. § 5004.

4

defendant had argued that *post*-judgment interest should be calculated based on the federal rate provided for in 28 U.S.C. § 1961(a).[6] The District Court disagreed, and held that "[w]hile it is true . . . that there is a split of authority in [the Southern District of New York] as to whether the federal or state rate applies in a diversity action, where the contract contains a choice-of-law provision, courts award postjudgment interest based on the designated law." *FCS Advisors*, 2009 WL 1616518, at *1 (citation omitted). Accordingly, the District Court applied the New York rate.

## DISCUSSION

We consider here whether the District Court correctly determined that the choice-of-law provision in the LOI required the application of New York law to the calculation of post-judgment interest. We review *de novo* the District Court's determination of the proper rate of post-judgment interest, which is informed by interpretation of the LOI. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004) (holding that an award of post-judgment interest under 28 U.S.C. § 1961 is subject to *de novo* review); *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 198 (2d Cir. 2003) ("We review the district court's interpretation of contracts *de novo*.").

In 2004, in *Westinghouse Credit Corp. v. D'Urso*, we held that the federal post-judgment interest rate provided for in 28 U.S.C. § 1961 applies in diversity cases. *See* 371 F.3d at 102; *accord Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008) (noting that "[i]n a diversity case, state law governs the award of prejudgment interest" but "[i]n contrast, postjudgment interest is governed by federal statute"); *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 112-13 (4th Cir. 1989) (explaining that, under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), post-judgment interest is "better characterized as procedural" and listing the circuits that have held that the federal rate applies in diversity actions). We also expressed the view that parties are free to agree to a different post-judgment interest rate by contract,

---

[6] *See* note 1, *ante*.

5

provided that they do so through "clear, unambiguous and unequivocal language." *D'Urso*, 371 F.3d at 102 (internal quotation marks omitted).  The question here is whether the choice-of-law provision in the parties' LOI, *see* note 2, *ante*, can be deemed a clear expression of intent to have New York law, rather than federal law, apply to the calculation of post-judgment interest.  We hold that it cannot.

As an initial matter, we note that in *D'Urso* we applied the federal rate notwithstanding the fact that the contract giving rise to the claims at issue there, much like the LOI here, contained a choice-of-law provision prescribing the application of New York law.  *See* 371 F.3d at 102 (citing *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 146 n.3 (2d Cir. 2002) (noting the choice-of-law provision)).  Holding that the existence of a choice-of-law provision, standing alone, demonstrates a "clear, unambiguous and unequivocal" intent to deviate from the federal rate would therefore be contrary to our holding in *D'Urso*.  *See id.*

Moreover, in *D'Urso* we applied the federal rate in spite of the parties' *explicit* agreement to apply a 15.5% interest rate to any arbitration award "from the date payment was due to the date payment is made."  *Id.*  We rejected the parties' agreed-upon rate because the "general rule under New York and federal law is that a debt created by contract merges with a judgment entered on that contract."  *Id.*; *accord Kotsopoulos v. Asturia Shipping Co.*, 467 F.2d 91, 95 (2d Cir. 1972) ("Once a claim is reduced to judgment, the original claim is extinguished and merged into the judgment; and a new claim, called a judgment debt, arises."); *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) ("[W]hen a valid and final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it.  In such a case, the original claim loses its character and identity and is merged in the judgment." (internal quotation marks omitted)).  In other words, although a rate of 15.5% might have applied to the *contract debt*, "[t]he parties failed to state that this rate would apply to *judgments* rendered on that award.  New York law treats this language therefore

6

as applying only to the contract debt, and not to the judgment into which that debt is merged." *D'Urso*, 371 F.3d at 102 (emphasis added). If the parties intended to override the general merger rule, and to specify an interest rate that applies to *judgment debts*, we held that they were required to "express such intent through clear, unambiguous and unequivocal language." *Id.* (internal quotation marks omitted).

For the same reasons discussed in *D'Urso*, the parties' choice-of-law provision in this case is insufficient to demonstrate an intent to apply New York law to the calculation of post-judgment interest. At most, the choice-of-law provision in the LOI expresses an intent to have New York law apply to the interpretation of that *contract* and any claims arising from it. *See* note 2, *ante*. Neither the choice-of-law provision nor any other part of the LOI indicate that New York law or the New York rate of interest would apply to *judgment debts* resulting from a claim based on that contract. Accordingly, as in *D'Urso*, "New York law treats this [choice-of-law] language as applying only to the contract [claims], and not to the judgment into which [those claims are] merged." 371 F.3d at 102; *cf. Reinhart*, 402 F.3d at 1004 (relying on *D'Urso* and holding that "agreeing to be bound by [a foreign country's law] does not amount to agreeing to a particular post-judgment interest rate"). Accordingly, we hold that, absent "clear, unambiguous and unequivocal" language expressing an intent that a particular interest rate apply to *judgments* or *judgment debts*, a general choice-of-law provision such as the one at issue here does not alter the application of the federal rate to the calculation of post-judgment interest in diversity cases.

Because the District Court calculated post-judgment interest in accordance with New York law based solely on the choice-of-law provision in the LOI, *see* note 2, *ante*, we vacate so much of the judgment as imposed a charge for post-judgment interest, and we remand the cause to the District Court for the calculation of post-judgment interest in accordance with the federal rate provided for under 28 U.S.C. § 1961(a).

7

## CONCLUSION

To summarize, we hold as follows:

(1) In diversity cases such as this, post-judgment interest should ordinarily be calculated in accordance with the federal rate provided for under 28 U.S.C. § 1961(a);

(2) Although parties may agree to a different rate by contract, absent "clear, unambiguous and unequivocal" language expressing an intent that a particular interest rate apply to *judgments* or *judgment debts*, a general choice-of-law provision such as the one at issue here does not alter the application of the federal rate to the calculation of post-judgment interest.

Accordingly, we **VACATE** the judgment of the District Court only insofar as it applied New York law to the calculation of post-judgment interest, and we **REMAND** the cause to the District Court for the calculation of post-judgment interest in accordance with the federal rate provided for under 28 U.S.C. § 1961(a).