21-28-cv (L)
Doe v. East Lyme Bd. of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-four.

PRESENT: JOSÉ A. CABRANES,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

JANE DOE, JOHN DOE, by and through his parent JANE DOE,

*Plaintiffs-Appellants*,

v.

Nos. 21-28-cv, 22-1504-cv, 23-171-cv

EAST LYME BOARD OF EDUCATION,

*Defendant-Appellee,*

CONNECTICUT STATE
DEPARTMENT OF EDUCATION,

*Defendant,*

KOTIN, CRABTREE & STRONG,
LLP,

*Intervenor.*

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | Jane Doe, *pro se*, Old Lyme, CT |
| FOR DEFENDANT-APPELLEE: | Sheldon D. Myers, Kainen, Escalera & McHale, P.C., Hartford, CT |
| FOR INTERVENOR: | Rowena A. Moffett, Brenner, Saltzman & Wallman, LLP, New Haven, CT |

Appeal from a judgment and orders of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and orders of the District Court are AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

Plaintiff-Appellant Jane Doe, on behalf of herself and her son John, appeals from a judgment and orders of the United States District Court for the District of Connecticut (Arterton, *J.*), denying, among other things, Doe's motion for reconsideration regarding reimbursement of certain expenses she incurred and her request to increase her attorneys' fees award. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand for further proceedings.

This case has a long history spanning more than thirteen years. In 2011 Plaintiffs-Appellants sued the East Lyme Board of Education under the Individuals with Disabilities Education Act (IDEA), asserting that the Board violated IDEA's "stay-put" provision by failing to pay for services required under John's existing individualized education plan.

In this consolidated appeal, Doe makes six principal arguments. First, she claims that our previous decisions, *Doe v. East Lyme Board of Education*, 790 F.3d 440 (2d Cir. 2015) (*Doe I*) and *Doe v. East Lyme Board of Education*, 962 F.3d 649 (2d Cir. 2020) (*Doe III*), wrongly concluded that she was not entitled to reimbursement for private school tuition, physical therapy, assistive technology,

3

and other uncovered services. Second, she contends that the amount of prejudgment interest affirmed in *Doe III* "undercompensates" her. Third, she challenges the District Court's calculation of her attorneys' fees award. Fourth, she maintains that her retainer agreement with Intervenor Kotin, Crabtree & Strong, LLP ("KCS"), the law firm that previously represented her, should be voided as unconscionable. Fifth, she asks for prejudgment interest on the attorneys' fees award. Sixth and finally, Doe argues that she should be awarded post-judgment interest on the amount to be placed in the compensatory education fund. We briefly address each argument.

## I.     Law of the Case

We previously rejected Doe's challenge to the judgment insofar as it denied her request for reimbursement for private school tuition, physical therapy, assistive technology, and other uncovered services, as well as her argument that the awarded amount of prejudgment interest is too low. *See Doe I*, 790 F.3d at 453–57; *Doe III*, 962 F.3d at 661–62, 664, 666. Finding no compelling reason to revisit our decision, we again reject these arguments. *See Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009).

4

## II.     Attorneys' Fees

Doe asserts that the District Court's attorneys' fees award was unreasonable because it fell short of her realized attorneys' fees and litigation costs.  Reviewing for abuse of discretion, *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 125 (2d Cir. 2023), we affirm.  "The IDEA provides that the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."  *Id.* at 125–26 (cleaned up).  But the District Court's obligation is only to ensure that the attorneys' fees award is *reasonable*, not that it is perfectly compensatory.  Doe advances no compelling argument that this award was unreasonable.[1]

Doe also argues that her retainer agreement with KCS, which is governed by Connecticut law, should be voided as unconscionable.  The agreement states that Doe would be billed $350 an hour for "[a]ny time spent on this matter."  App'x 104.  Where, as here, the language of the contract is "clear and unambiguous, the contract is to be given effect according to its terms."  *Tallmadge Bros., Inc. v. Iroquois Gas Transmission Sys., L.P.*, 252 Conn. 479, 498 (2000)

---

[1] Nor is there any merit to Doe's claim, raised for the first time in this appeal, that she is entitled to prejudgment interest on the attorneys' fees award.  *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

5

(quotation marks omitted).  We reject Doe's argument that the agreement is unconscionable because she has not established that the circumstances surrounding its execution "rise to the level of unfair surprise, lack of knowledge of terms, lack of legal representation, and absence of meaningful choice." *Tarpon Bay Partners LLC v. Zerez Holdings Corp.*, 79 F.4th 206, 227 (2d Cir. 2023) (applying Connecticut law relating to unconscionability).

## III. Post-Judgment Interest

Finally, Doe argues that she should have been awarded post-judgment interest.  We review the District Court's June 10, 2022 order denying post-judgment interest *de novo*.  *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004).  "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (cleaned up).  Nevertheless, parties may contract around the application of § 1961 provided that they agree to do so through "clear, unambiguous and unequivocal language."  *FCS Advisors, Inc. v. Fair Fin. Co., Inc.*, 605 F.3d 144, 147 (2d Cir. 2010) (quoting *Westinghouse Credit Corp.*, 371 F.3d at 102).  Here, however, the parties' agreement to stay the case pending appeal did

6

not contain clear, unambiguous, and unequivocal language waiving Doe's right to post-judgment interest. *See ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 180 (2d Cir. 2022). We therefore vacate the District Court's order denying post-judgment interest and remand for further proceedings as to this limited issue.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's June 10, 2022 order denying post-judgment interest is VACATED, and the case is REMANDED for further proceedings on the issue of post-judgment interest, consistent with this order. The judgment and the remaining orders of the District Court that Doe challenges on appeal are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court