■ Leonard Kastle, Respondent, v Warren Steibel et al., Appellants.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered May 15, 1985 in Albany County, which, *inter alia,* denied defendants' motion for partial summary judgment dismissing plaintiff's sixth, seventh and eighth causes of action.

Plaintiff and defendant Warren Steibel lived together for 25 years before their relationship ended in May 1980. During that time they often worked together, combining their creative talents to produce various entertainment projects. It is alleged that defendant Moby Productions, Inc. (Moby), a television production company, was incorporated in 1967 to facilitate the production of their entertainment projects. Steibel was then and continues to be the president and sole shareholder of Moby.

Plaintiff commenced this action in August 1980 alleging 11 causes of action against defendants. Defendants moved for partial summary judgment dismissing plaintiff's sixth, seventh and eighth causes of action. The three causes of action in question are all grounded in equity. The sixth cause of action essentially seeks an equitable accounting from Moby of plaintiff's interest in the corporation. The seventh cause of action requests imposition of a constructive trust on, *inter alia*, one half of the stock of Moby. The eighth cause of action alleges fraud and deceit by Steibel. Special Term denied the motion for partial summary judgment, noting the presence of numerous factual issues. This appeal by defendants ensued.

Our review of an application for summary judgment is limited to determining whether the evidence in the record raises material questions of fact *(see, e.g., Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341; *Doin v North Am. Carbide,* 112 AD2d 499, 500). We agree with Special Term that numerous triable issues of fact have been raised.

We turn first to the issue of whether there is sufficent evidence to preclude summary judgment on plaintiff's sixth cause of action for an equitable accounting. In order to be entitled to an equitable accounting, plaintiff must prove a confidential relationship which induced him to entrust Steibel with money or property and that no adequate legal remedy exists *(see, Grossman v Laurence Handprints-N. J.,* 90 AD2d 95, 104-105; *see generally,* 1 NY Jur 2d, Accounts and Accounting, § 34, at 187). Initially, we note that defendants admitted the existence of a confidential relationship. This admission notwithstanding, we find sufficient evidence in the record to raise a question of fact as to the existence of a confidential relationship in the parties' business dealings. Furthermore, there is adequate evidence to support the other elements of the cause of action for an equitable accounting. For example, plaintiff alleges that he transferred substantial services to Moby for little or no compensation and sacrificed numerous employment opportunities that were offered to him. Signifi-

cantly, plaintiff avers that he transferred certain property rights to Moby in reliance upon promises and assurances by Steibel that plaintiff was co-owner of Moby and, as such, would share in its profits. Plaintiff further asserts that such promises were known by Steibel to be false and that, in reliance on such promises and representations, plaintiff devoted his talents and energies to Moby for which Steibel was unjustly benefited. Since these transactions are not evidenced by writings, plaintiff does not have an adequate remedy at law. We conclude that these allegations are supported by sufficient proof to raise factual issues which cannot be decided upon a motion for summary judgment *(see, Nojaim Bros. v CNA Ins. Cos.,* 113 AD2d 109, 114).

Likewise, with respect to the seventh and eighth causes of action, we find that the above allegations and other relevant evidence in the record are sufficient to raise factual questions as to whether plaintiff is entitled to a constructive trust *(see, Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939, 940; *Sharp v Kosmalski,* 40 NY2d 119, 121) or whether defendants acted fraudulently towards plaintiff *(see, Young v Keith,* 112 AD2d 625, 626-627).

The affirmative defenses raised by defendants do not require that summary judgment be granted as to the causes of action relevant to this appeal. Defendants claim that the Statute of Frauds (UCC 8-319) and Business Corporation Law § 504 (b) and § 720 preclude plaintiff's claims as a matter of law. These defenses merely reflect that plaintiff does not have an adequate legal remedy. The causes of action in question, however, are all based in equity. Accordingly, the Statute of Frauds and other asserted statutory defenses do not bar the claim *(see, Vanasco v Angiolelli,* 97 AD2d 462; *Smith v Russell Sage Coll.,* 78 AD2d 913, 914, *affd* 54 NY2d 185; *see generally,* 56 NY Jur, Statute of Frauds, § 330, at 446 [1967]).

Finally, we reject defendants' assertion that this is, in essence, a case of "palimony". The causes of action on review, as limited by the parties' briefs, speak only to the business relationship between the parties. Their personal life-styles are irrelevant to the legal issues raised on this appeal.

Order affirmed, with costs. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.