(May 25, 1999)

■ RICHARD SCHNEIDMAN et al., Respondents-Appellants, v STANLEY TOLLMAN et al., Appellants-Respondents, et al., Defendants. [691 NYS2d 58] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered February 27, 1998, which awarded plaintiffs judgment upon their first cause of action in the total amount of $2,741,587.98, unanimously reversed, on the law, without costs, and the judgment vacated. Orders, same court and Justice, entered November 27, 1996 and February 18, 1998, which, to the extent appealed from as limited by the briefs, denied defendants' motions to renew their motions for summary judgment, granted plaintiffs' motion for judgment upon their first cause of action, granted plaintiffs'

motion for attorneys' fees, denied plaintiffs' motion for prejudgment interest on their California/Nevada rights, and limited plaintiffs' share of transfer taxes on Orlandinn, Ltd. property to their 7.17% partnership interest, unanimously modified, on the law, to deny plaintiffs' motions seeking damages and attorneys' fees in connection with the California/Nevada claims, and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered February 26, 1998, denying the parties' respective motions for reargument of the court's prior determinations denying plaintiffs prejudgment interest and awarding plaintiffs attorneys' fees, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

In early 1985, plaintiffs and defendants Stanley Tollman, Monty Hundley, Sanford Freedman and Harvey Martin formed a limited partnership, California Days, Ltd. (Cal Days), for the purpose of acquiring and operating eight motels and developing other sites in California and Nevada. In furtherance of that purpose, the partnership entered into a purchase agreement with Days Inns of America, Inc. Defendants, however, subsequently formed another limited partnership, California Hotel Properties Limited Partnership (Cal Hotel), to which it transferred Cal Days's purchase rights without consideration and to the exclusion of plaintiffs. The purchase of the motels, originally to be made by Cal Days, was then ultimately consummated through Cal Hotel. Although plaintiffs were wronged by the transfer of Cal Days's assets, they did not establish any damages with a reasonable degree of certainty (*see, Kenford Co. v County of Erie*, 67 NY2d 257, 261-262). Far from generating profits, the properties, operated at a staggering loss, were ultimately foreclosed upon by lenders, and even subsequent to foreclosure left an outstanding indebtedness of millions of dollars. Defendants' financial statements, which plaintiffs characterize as appraisals of the properties' value (at an amount greater than the purchase price), actually reflect mere projections of capitalized income over a period of 10 to 11 years, which were highly speculative and in the end completely erroneous. Since plaintiffs are not entitled to damages, the issue of prejudgment interest is academic.

The motion court's expansion of *Matter of Birnbaum v Birnbaum* (157 AD2d 177, 191), which permitted the award of attorneys' fees for a testamentary trustee's breach of fiduciary duty, to cases involving a breach of fiduciary duty in a nontestamentary context, is unsupported by the law, unwarranted, and, even if there had been a sustainable recovery by the individual limited partner plaintiffs herein, inconsistent with the limiting language of Partnership Law § 121-1002 (e).

The motion court, however, properly limited plaintiffs' potential liability for transfer taxes upon property held by Orlandinn, Ltd., another limited partnership in which the parties participated, to their 7.17% partnership interest, rather than the full amount of the transfer taxes, since plaintiffs were not required to consent to a means of syndication by which the transfer tax could have been avoided and, moreover, could reasonably have withheld consent to a syndication from which they had been wrongfully excluded. Concur—Ellerin, P. J., Sullivan, Rosenberger and Lerner, JJ.