■ In the Matter of IGNATIE KASZIRER, Petitioner, and ANITA K. ROSENBERG et al., Respondents, v JOSEF KASZIRER, Appellant, et al., Respondent. (And Another Action.) [747 NYS2d 502] —Order, Supreme Court, New York County (Herman Cahn,

J.), entered March 1, 2002, which, in a consolidated action against appellant herein seeking various items of equitable relief for his mismanagement of trusts of which petitioners are beneficiaries, and also seeking damages for fraud, insofar as appealed from, denied appellant's motion for summary judgment dismissing the action in its entirety, unanimously modified, on the law, to dismiss the cause of action for fraud, and otherwise affirmed, without costs.

The cause of action for an accounting was properly upheld since, among other reasons, the accountant's cash flow analysis and affidavit on which appellant relied in support of the motion do not specify the documentation underlying the accountant's opinion, and for the most are hearsay (*see Soho Generation v Tri-City Ins. Brokers*, 256 AD2d 229, 231-232). Accordingly, the burden never shifted to petitioners to submit evidence in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Petitioners' other claims regarding appellant's alleged mismanagement of the trusts were properly upheld, there being issues of fact as to whether appellant's exercise of discretion in declining to make distributions was arbitrary, irrational or not made in good faith (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). The motion court also properly held that allegations of mismanagement of corporations in which the trusts hold an interest were properly made by petitioners directly, and did not require a derivative action, since petitioners do not seek to compel a declaration of dividends (*see Matter of Brandt*, 81 AD2d 268; *compare, Matter of Goerler*, 227 AD2d 479). However, we modify to dismiss as untimely the fraud cause of action, based as it is on appellant's alleged misrepresentations to the grantor at the inception of the trust more than six years before the filing of the complaint. We have considered the parties' other contentions, including those of petitioners that their fraud claim is saved by a delayed discovery accrual date, and those of appellant challenging the cause of action to remove him as trustee, and find them unavailing. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.