TIG INSURANCE CO., Successor by Merger to International Insurance Company, Plaintiff–Counter–Defendant–Appellant–Cross–Appellee,

v.

NEWMONT MINING CORPORATION, Defendant–Counter–Claimant–Appellee–Cross–Appellant.

Nos. 06–0153–cv(L), 06–0154–cv(XAP).

United States Court of Appeals, Second Circuit.

May 22, 2007.

James A. Riddle (Shari Markowitz-Savitt, on the brief), Thelen Reid & Priest LLP, New York, NY, for TIG Insurance Co.

Robert L. Tofel (Mark A. Lopeman, on the brief), Tofel & Partners, LLP, New York, NY, for Newmont Mining Corp.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff-counter-defendant-appellant-cross-appellee TIG Insurance Company ("TIG") appeals from those portions of the judgment of the United States District Court for the Southern District of New York (Scheindlin, J.), entered on December 2, 2005, following a bench trial, that partially denied relief on its claim for breach of contract and declined to award it fees and costs as the prevailing party. *See TIG Ins. Co. v. Newmont Mining Corp.,* 413 F.Supp.2d 273 (S.D.N.Y.2005). Defendant-counter-claimant-appellee-cross-appellant Newmont Mining Corporation ("Newmont") cross-appeals that portion of the district court's judgment denying it fees and costs as the prevailing party. We assume the parties' familiarity with the underlying facts and procedural history of this case and with the arguments on appeal.

TIG contends principally that Newmont breached their contract (the "EIL Agreement") by allocating its settlement with certain underwriters at Lloyd's of London, certain London Market Insurance Companies, and North River Insurance Company (the "Lloyd's Settlement") between those claims that were covered by the EIL Agreement and those that were not, rather than paying TIG 20% of the entire settlement. Under New York law, which applies to our interpretation of the EIL Agreement, "[t]he cardinal principle for the construction and interpretation of ... contracts ... is that the intentions of the parties should control." *SR Intern. Business Ins. Co. v. World Center Properties, LLC,* 467 F.3d 107, 125 (2d Cir.2006) (internal quotation marks omitted). "The best evidence of intent is the contract itself; if an agreement is complete, clear and unambiguous on its face, it must be enforced according to the plain meaning of its terms." *Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust,* 375 F.3d 168, 177 (2d Cir.2004) (internal quotation marks and brackets omitted). We agree with the district court that the EIL Agreement permitted Newmont to allocate the Lloyd's Settlement. Paragraph 4 of the EIL Agreement obligated Newmont, after settling environmental claims with its other insurers, to pay TIG a portion of "sums collected ... with respect to coverage for ... claims involving the Idarado and/or Resurrection" mining sites. A clear implication of this language is that the EIL Agreement did not obligate Newmont to pay TIG a portion of any sums it collected that were *not* "with respect to coverage for ... claims involving" these two sites, and thus it was appropriate for Newmont to allocate the Lloyd's Settlement between claims that involved the sites and those that did not.

We also reject TIG's contention that Paragraph 10 of the EIL Agreement prohibited Newmont from allocating the Lloyd's Settlement. This paragraph does not address the situation, as here, in which a settlement failed to specify an allocation between covered and non-covered claims. Nor was Newmont estopped from allocating the settlement because it did not similarly allocate the expenses it incurred in negotiating the Lloyd's Settlement, which it deducted from its payment to TIG pursuant to Paragraph 4. Whether or not, as Newmont contends, the expenses it incurred specifically in negotiating the non-covered policy buy backs were de minimis, it is not logically inconsistent for Newmont to take the position that its expenses in negotiating the covered and non-covered aspects of the Lloyd's Settlement were overlapping and inseparable even though allocation of the Lloyd's Settlement itself was possible. Because TIG does not contend that Newmont breached the EIL Agreement by failing to allocate its expenses, we need not consider whether Newmont's deductions were consistent with the terms of the EIL Agreement.

We also agree with the district court that the EIL Agreement obligated Newmont only to allocate the Lloyd's Settlement in good faith. As the district court observed, although Paragraph 4 of the EIL Agreement provides a mechanism by which TIG could challenge Newmont's expense deductions, it neither directs the method Newmont should use to allocate a settlement that itself fails to specify an allocation, nor provides a mechanism by which TIG could challenge whatever post hoc allocation Newmont chose. The district court thus correctly concluded that the allocation Newmont arrived at was not regulated by—and therefore could not breach—any express provision of the agreement. Newmont, of course, remained bound by the implied covenant of good faith and fair dealing. *See Dalton v.*

*Educ. Testing Serv.,* 87 N.Y.2d 384, 389, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995) ("Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance."). We discern no error in the district court's finding that Newmont acted in good faith in allocating the Lloyd's Settlement.

Finally, we reject both parties' challenges to the district court's determination that neither of them was entitled to an award of fees and costs as the prevailing party pursuant to Paragraph 12 of the EIL Agreement. Under New York law, we interpret contract provisions, including "prevailing party" provisions, de novo. *Nestor v. McDowell,* 81 N.Y.2d 410, 415–16, 599 N.Y.S.2d 507, 615 N.E.2d 991 (1993). "Where a district court has awarded attorneys' fees under a valid contractual authorization," however, "we recognize that it has broad discretion in doing so, and an award of such fees may be set aside only for abuse of discretion." *United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.,* 369 F.3d 34, 74 (2d Cir.2004) (internal quotation marks omitted).

In ruling on whether to award fees to the prevailing party, the district court acknowledged that both parties had achieved some success: "Although TIG has won a judgment in this litigation, it has not prevailed on the allocation issue, its most substantial claim. However, the judgment against Newmont is not de minimis." *TIG Ins. Co.,* 413 F.Supp.2d at 286. Taking into account these opposing successes, the district court ruled that "neither party's success in this action is sufficient to justify a finding that either is the prevailing party *for the purposes of an award of fees and costs* under the Agreement." *Id.* at 286–87 (emphasis added). In so stating, the district court held, in substance, that whether or not either party had prevailed as a legal matter, neither merited an award of any amount of fees

and costs. Having examined the record in this case, we do not believe the district court abused its discretion in rendering such an award of fees.

For the foregoing reasons, the judgment of the district court is AFFIRMED.