Rajesh **SRIRAMAN**, Plaintiff,

v.

Shashikant **PATEL**, Defendant.

No. 09 Civ. 5531(BMC).

United States District Court, E.D. New York.

March 23, 2011.

Gail Miriam Eckstein, Reed Smith LLP, for Plaintiff.

David Clifford Burger, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., for Defendant.

### MEMORANDUM DECISION AND ORDER

COGAN, District Judge.

This matter is before the Court on plaintiff's timely motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment dated January 21, 2011. Plaintiff contends that the judgment should be amended to include prejudgment interest. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

This is a diversity action in which plaintiff and defendant were partners in a medical practice from 2003–2008 pursuant to a very poorly defined partnership arrangement. After plaintiff left the practice on June 30, 2008, he asserted that certain contracts entered into by defendant during the partnership generated revenue that should have gone into the partnership. Defendant, in turn, denied that the revenue generated by these contracts constituted partnership property, but asserted alternatively that if they did, then another contract, which defendant had obtained but allowed all payments to go to plaintiff, also resulted in partnership revenue and should proportionately be paid to defendant. Plaintiff asserted claims for, *inter alia*, breach of contract (the partnership

agreement), breach of fiduciary duty, and an accounting.

After a bench trial, the Court awarded judgment in favor of plaintiff in the amount of $222,300 based only on his accounting claim. *See Sriraman v. Patel,* No. 09 Civ. 5531, 2011 WL 213855, at *12 (E.D.N.Y. Jan. 24, 2011). This amount was arrived at by construing the income from most, but not all, of the subject contracts as generating partnership revenue. The Court noted that while plaintiff's complaint and trial brief had requested interest, no theory or method of computing interest had been offered, and thus plaintiff had failed to prove entitlement to interest.

## DISCUSSION

Plaintiff's motion argues several points. First, he contends that his request for prejudgment interest was not "waived" because it was mentioned in his complaint and post-trial brief. Second, plaintiff contends he is entitled to prejudgment interest as of right because he has prevailed on his breach of contract claim, and state law requires an award of prejudgment interest on such claims. Third, plaintiff argues, alternatively, that even if he is not entitled to interest as of right, the Court should exercise its discretion to award interest. Plaintiff uses the 9% interest rate set forth in New York Civil Practice Law and Rules § 5004 from the date of dissolution of the partnership (June 30, 2008) to the date of the Court's Order (January 20, 2011). This computation, the mathematics of which defendant does not challenge, comes to $51,234.

## I. The "Waiver" Issue

■ Initially, plaintiff cites authority holding that he did not waive his right to interest because he mentioned it in his complaint and post-trial brief (without dis-

cussing it in either). *See Adams v. Lindblad Travel, Inc.,* 730 F.2d 89, 93 (2d Cir. 1984); *Lee v. Joseph E. Seagram & Sons, Inc.,* 592 F.2d 39, 42–44 (2d Cir.1979); *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.,* 232 F.Supp.2d 289, 291 (S.D.N.Y.2002). Waiver is not the point. This was a failure of proof. Plaintiff gave the Court no theory of how interest should be calculated, nor at what rate, nor when the alleged right to interest accrued. As this motion has shown, an award of interest in this case raises reasonably complex issues as to accrual date and rate, and plaintiff did not discuss them at all. Simply asserting "together with interest," which is all plaintiff did, hardly gives this Court any basis for finding that plaintiff has proven entitlement to this specific element of damages in a specific amount.

It may be that in a single-count breach of contract case with a clear accrual date, the interest can be readily determined based on proof of the underlying claim. See CPLR § 5001(b); *see also Brushton–Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C.,* 91 N.Y.2d 256, 261–63, 669 N.Y.S.2d 520, 692 N.E.2d 551 (1998). But where, as here, the right to interest is based on an equitable claim, plaintiff had an obligation to advance an argument as to why the Court should exercise its discretion to award prejudgment interest, or, at least, provide a theory as to an accrual date and the appropriate rate of interest.

Nevertheless, given that there was no closing argument (the parties agreed to post-trial briefs instead), at which the Court would likely have raised the issue of interest; the inclusion of all facts in the record necessary to determine the issue of interest; and defendant's opportunity, in connection with this motion, to be fully heard on the issue and thus not prejudiced, the Court will consider plaintiff's motion on the merits.

## II. Mandatory Award

 Under New York law, a prevailing party in a breach of contract case is entitled to prejudgment interest at the statutory rate from the date of breach to the entry of judgment. *See New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir.2003); *see also* CPLR § 5001. A federal district court sitting in diversity is bound by this substantive provision of New York law. *See FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir.2010).

I reject plaintiff's contention that an award of prejudgment interest is mandatory. I decided this case based on plaintiff's claim for an accounting and made no finding that the parties' partnership agreement had been breached. To the extent the Court's Findings of Fact and Conclusions of Law addressed the alleged breach of contract, it was to suggest that there was no such breach because under the terms of the partnership agreement, plaintiff had ceded to defendant the decision-making authority of when to make partnership distributions.

There is thus no merit to plaintiff's suggestion that because he is only seeking interest from June 30, 2008, the date he withdrew from the partnership, rather than at some point in 2003 (presumably December 31, 2003, although the lack of any specific "breach date" shows the infirmity of plaintiff's theory), he is actually discounting his interest claim. Under the partnership agreement, plaintiff had no right to receive any particular distribution at any specific point in time. Accordingly, the Court's decision found only that any obligation defendant had to pay plaintiff accrued upon dissolution on June 30, 2008, pursuant to plaintiff's accounting claim, not his claim for breach of the partnership agreement. It was only at that point that defendant incurred the obligation to reconcile the partners' accounts.

## III. Discretionary Award

 That leaves the issue of whether the Court should exercise its discretion as an equitable matter to award interest as part of the accounting. Plaintiff's point is persuasive that defendant has had the use of the amount awarded in the judgment to which plaintiff had a right as of the date of dissolution. To not require the payment of interest would allow a windfall in favor of defendant. *See Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 54 (2d Cir.2009).

Nevertheless, the Court disagrees with plaintiff that the interest rate should be 9%. Plaintiff "borrows" that rate from CPLR § 5004, which sets a 9% rate. Plaintiff is correct that since this is a diversity case, the Court's decision on interest is controlled by the CPLR. I have, however, found that plaintiff is not entitled to interest as of right under state law because he has recovered only on his accounting claim, not his breach of contract claim, and CPLR § 5001(a) provides that "in an action of an equitable nature, interest and the rate and date from which [interest] shall be computed shall be in the court's discretion."

Nine percent, in my view, is an absurd judgment rate in this day and age for any claim. It was increased to that level by the New York Legislature in 1981 (from 6%). There was a reason for that then. The federal funds rate had increased from an average of 11.2% in 1979 to an average of 16.4% in 1981, peaking at 19.1% in June 1981. Archive of the Monthly Federal Funds Rate, Board of Governors of the Federal Reserve System, http://www.federalreserve.gov/releases/h15/data/Monthly/H15_FF_O.txt (last visited Mar. 23, 2011) (hereinafter "Federal Funds

Rate"). Moreover, in January 1980, the prime interest rate was 21.5%. Bank Prime Loan Rate Changes: Historical Dates of Changes and Rates, Federal Reserve Bank of St. Louis, http://research.stlouisfed.org/fred2/data/PRIME.txt (last visited Mar. 23, 2011). This stands in contrast to today, where the federal funds rate has not been above 1% since September 2008, and the prime interest rate is currently 3.25%. Federal Funds Rate, *supra;* Market Data Center, Wall Street Journal, http://online.wsj.com/mdc/public/page/2_3020–moneyrate.html (last visited Mar. 23, 2011).

By not indexing the interest rate in CPLR § 5004, New York law effectively creates a windfall for plaintiffs, who likely will recover far more in interest received from a defendant than had they made a short-term investment of a like amount of money. Such an award is mandatory in breach of contract cases, but discretionary here. Under all the circumstances, I think the most equitable analogy is to utilize the 1–year constant maturity Treasury yield for 2008—the same rate that would be used for a federal judgment—which was 1.83%. *See* 28 U.S.C. § 1961; see also Archive of the One–Year Treasury Constant Maturities, Board of Governors of the Federal Reserve System, http://www.federalreserve.gov/releases/h15/data/Annual/H15_TCMNOM_Y1.txt (last visited Mar. 23, 2011). That reflects a reasonable rate of return that plaintiff might have earned on the money had he received it at the time of dissolution.

## CONCLUSION

The [35] motion is granted in part and denied in part. The Clerk of the Court is directed to enter an Amended Judgment, awarding plaintiff $222,300.00 plus 1.83% interest compounded annually from June 30, 2008 to January 20, 2011.

**SO ORDERED.**