Order and judgment (one paper), Supreme Court, New York County (Sue Ann Hoahng, Special Ref.), entered August 21, 2012 (as an order) and October 9, 2012 (as a judgment), dismissing plaintiffs claims, unanimously affirmed, without costs.
By the time of trial, the only remaining causes of action were the first, for an accounting; the second, alleging that defendant Frederick Margulies had converted and misappropriated nominal defendant Fashion Vault Corp.’s assets; the third, alleging that Margulies had breached his fiduciary duty to Fashion Vault; and the eighth, alleging that Margulies had breached the shareholders’ agreement among plaintiff, Margulies, and Fashion Vault. The order of reference did not specify what the referee was to hear and determine; however, the parties agreed that it was the valuation of Fashion Vault’s inventory and shares.
The complaint pleads the second and third causes of action as derivative claims. Furthermore, “allegations of. . . diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a *548 shareholder may sue derivatively but not individually” (Abrams v Donati, 66 NY2d 951, 953 [1985]).
The first cause of action seeks an accounting on behalf of both Fashion Vault and plaintiff individually. As a shareholder in a close corporation, plaintiff had the right to an accounting (see Unitel Telecard Distrib. Corp. v Nunez, 90 AD3d 568, 569 [1st Dept 2011]). At trial Margulies produced the financial records of Fashion Vault and testified under oath regarding the disposition of the corporate assets, which fulfills defendants’ obligation to account (see Malone v Saints Peter and Paul’s Church, Brooklyn, E. D., 172 NY 269 [1902]; Schreier v Mascola, 81 AD2d 909 [2d Dept 1981]). Plaintiffs objections to the adequacy of the information provided were considered and rejected by the trial court, finding instead that the corporation’s liabilities exceed its assets and that there was nothing to distribute to the shareholders (see e.g. Bartlett v Drew, 57 NY 587, 589 [1874]).
It is also true that plaintiffs eighth cause of action is an individual claim. However, contrary to the allegation of the complaint, Margulies’ breach of the shareholders’ agreement did not cause Fashion Vault’s demise; rather, the corporation had financial problems from the beginning, when plaintiff was still involved in running it. Therefore, the court’s error in implicitly classifying this cause of action as derivative is harmless.
We are not persuaded by plaintiffs contention that Margulies failed to meet his burden to come forward with evidence with respect to his disposition of Fashion Vault’s assets. In response to plaintiff s evidence that Fashion Vault’s inventory had a value of $1,911,788.33 at cost as of February 28, 2005, Margulies testified that inventory reports such as the one introduced by plaintiff did not reflect shrinkage, i.e., theft by employees and/or customers. Second, Margulies testified that he returned some inventory to Fashion Vault’s vendors after February 28, 2005; his testimony was partially corroborated by a vendor and by documents. Third, Margulies testified that he caused some of Fashion Vault’s inventory to be sold and that he used the proceeds from those sales to pay down Fashion Vault’s debt to nonparty Valley National Bank; again, his testimony was partially corroborated by documentary evidence.
“[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses” (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992] [internal quotation marks omitted]).
*549 Contrary to plaintiffs claim, the Special Referee’s decision satisfies CPLR 4213 (b) (see e.g. Marks v Macchiarola, 250 AD2d 499 [1st Dept 1998]). Concur — Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.