14-2820-cv(L)
*Soley v. Wasserman*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

Present:

> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

———————————————————————

JUDY W. SOLEY,

> *Plaintiff-Appellant-Cross-Appellee,*

v.                                                                14-2820-cv(L),
                                                                 14-2952-cv(XAP)

PETER J. WASSERMAN,

> *Defendant-Appellee-Cross-Appellant.*

———————————————————————

For Plaintiff-Appellant:            LOUIS FOX BURKE (Leslie S. Wybiral, Alexander D. Tripp, *on the brief*), Louis F. Burke, P.C., New York, N.Y.

1

For Defendant-Appellee:    LAWRENCE E. TOFEL (Mark A. Lopeman, of counsel, *on the brief*), Lawrence E. Tofel, P.C., Brooklyn, N.Y.

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of the District Court are **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Judy Soley ("Soley") brought claims in the United States District Court for the Southern District of New York (Wood, *J.*) [1] against Defendant-Appellee-Cross-Appellant Peter Wasserman ("Wasserman") for breaches of fiduciary duty and equitable accountings in regards to two of the parties' financial collaborations:[2] Patriot Partners, L.P. ("Patriot Partners"), a limited partnership for which Wasserman served as general partner until the partnership dissolved in 2006, and the "Joint Stocks," a set of four initially private placement equities in which Soley, Wasserman, and a mutual friend, Arthur Stern ("Stern"), jointly invested beginning in 1997. Soley received a jury trial on her claim for breach of fiduciary duty relating to Patriot Partners, at which the jury determined that Wasserman had breached his fiduciary duties and awarded damages. She then sought an equitable accounting from the bench, which the District Court denied on the ground that the jury verdict and damages award constituted an adequate legal remedy, rendering the accounting unavailable under New York law. Soley then tried both her breach of fiduciary duty and equitable accounting claims regarding the Joint Stocks to the bench, after which the District Court determined that she had not succeeded on her claim for breach of fiduciary duty but that she was entitled to an equitable accounting.

---

[1] The case was reassigned from District Judge Paul A. Crotty to Judge Kimba M. Wood on September 30, 2010. Judge Wood presided over the jury trial and issued the relevant orders and judgments on appeal.

[2] Soley also brought additional claims that were dismissed prior to the relevant judgments and orders on appeal.

2

Subsequent to both trials, the District Court denied Soley's request for attorney's fees, granted her prejudgment interest on her Joint Stocks accounting restitution award, and, ruling on Wasserman's objection to the clerk of court's bill of costs, affirmed the award of costs to Soley. Soley now appeals from those judgments and orders of the District Court denying her claim for an equitable accounting in regards to Patriot Partners, denying her request to order Wasserman to submit a second accounting of the Joint Stocks (after Soley objected to the sufficiency of the first), and denying her request for attorney's fees. Wasserman, in turn, cross-appeals from the District Court's grant of prejudgment interest to Soley on her Joint Stocks restitution award and the District Court's affirmance of the bill of costs. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1. **The District Court's denial of Soley's request for an equitable accounting of her interest in Patriot Partners**[3]

In an April 17, 2013 order, the District Court determined that Soley's claim that Wasserman, as general partner of Patriot Partners, breached his fiduciary duty and owed her compensatory damages, would be tried to a jury. *Soley v. Wasserman*, No. 08 CIV. 9262

---

[3] We note, as an initial matter, that New York law applies to Soley's claims regarding Patriot Partners. The District Court determined that, though Patriot Partners is a Delaware limited partnership, judicial estoppel required that New York law apply to the parties' disputes. *Soley v. Wasserman*, No. 08 CIV. 9262 (KMW) (FM), 2013 WL 3185555, at *10-11 (S.D.N.Y. June 21, 2013). In his opening brief on appeal, Wasserman noted that he "was not aggrieved by the application of New York law and thus raised no issue on this appeal" regarding it. Def. Br. at 34 n.20. Wasserman nevertheless inexplicably asserts, in his reply brief, that "Soley's [brief] is based entirely on principles and statutes under New York law which, *as Wasserman observed to this Court . . .* never applied to a Delaware Limited Partnership which expressly was governed by Delaware Law." Def. Reply Br. at 12 (emphasis added). This subsequent statement is wholly inadequate to raise, on appeal, an argument that Wasserman clearly waived in his opening brief. Accordingly, we do not consider the argument. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

3

(KMW) (FM), 2013 WL 1655989, at *1 (S.D.N.Y. Apr. 17, 2013). In contrast, the District Court determined that Soley's claim for an equitable accounting – predicated on the same breaches of fiduciary duty, but seeking an accounting of Soley's interest in Patriot Partners and, should the accounting warrant, disgorgement of unjust profits and restitution – would be addressed subsequently. *Id.* at *3. After the jury found the existence of several breaches of fiduciary duty and awarded Soley damages on some of those claims, Soley sought an equitable accounting, arguing to the court that, under New York law, "[i]f there is a fiduciary relationship between the parties . . . then the existence of a legal remedy is not relevant" to a principal's right to an accounting. A 416. The District Court disagreed, denying Soley's claim for an equitable accounting on the ground that the jury verdict and damages award – pursuant to which Soley received "the benefit of full document discovery and numerous depositions" on her claim for breach of fiduciary duty – constituted an adequate remedy at law. *Soley v. Wasserman*, No. 08 CIV. 9262 (KMW) (FM), 2013 WL 5780814, at *2 (S.D.N.Y. Oct. 24, 2013).

Soley's primary contention on appeal – and her sole contention to the District Court when she initially sought her equitable accounting – is that, under New York law, a principal in a fiduciary relationship is entitled to an equitable accounting regardless whether she has an adequate remedy at law.[4] We disagree. New York law clearly requires that a principal demonstrate the unavailability of an "adequate remedy at law" in order to prevail on a claim for an equitable

---

[4] At oral argument, counsel for the Plaintiff also suggested that Soley objected to the District Court's determination to conduct the jury trial *prior* to assessing the merits of the accounting claim. This argument is made only in passing in Soley's brief, *see* Pl. Br. at 31-32, and thus is waived. *See Norton*, 145 F.3d at 117. In any case, Soley did not object to the District Court's April 17, 2013 bifurcation order until July 16, 2013, thirteen days before the jury trial was set to commence, and that objection came in a letter ostensibly seeking reconsideration of the court's completely unrelated decision to try all claims regarding the Joint Stocks to the bench. *See* SA 1. It was not unreasonable for the District Court, at that point, to consider the objection unavailing.

4

accounting, *in addition* to establishing the existence of a fiduciary relationship. *See United Telecard Distrib. Corp. v. Nunez*, 90 A.D.3d 568, 569 (N.Y. App. Div. 1st Dep't 2011) (noting, first, that the existence of a "fiduciary relationship supports defendant's claim for an accounting," and, second, that "[t]o be entitled to an equitable accounting, a claimant must demonstrate that he or she has no adequate remedy at law"); *accord Kastle v. Steibel*, 120 A.D.2d 868, 869-70 (N.Y. App. Div. 3d Dep't 1986); *Hermes v. Compton*, 260 A.D. 507, 507 (N.Y. App. Div. 2d Dep't 1940).[5]

Soley next argues, apparently in the alternative, that she did not receive an adequate remedy at law for three reasons. First, she contends that she did not receive adequate discovery in her jury trial. Assuming, *arguendo*, that the adequacy of discovery is material to whether a legal claim constitutes an adequate remedy under New York law, the argument nevertheless fails. As an initial matter, the District Court observed in ruling on Soley's motion for reconsideration that Soley had not made any argument as to the adequacy of discovery in her post-trial application

---

[5] Soley cites to admittedly contradictory language in *Koppel v. Wien, Lane & Malkin*, 125 A.D.2d 230, 234 (N.Y. App. Div. 1st Dep't 1986), which states that "it is clear that whenever there is a fiduciary relationship between the parties, . . . there is an absolute right to an accounting notwithstanding the existence of an adequate remedy at law." Subsequent cases have interpreted *Koppel* as standing either for the proposition that the *voluntary* transfer of financial documents or willingness to provide for an inspection or audit are no substitute for a judicially supervised accounting, *see Scholastic v. Harris*, 259 F.3d 73, 90 (2d Cir. 2001) ("Even if Scholastic already possesses detailed financial information regarding the joint venture, there is nevertheless still 'an absolute right to an accounting.'" (quoting *Koppel*, 125 A.D. at 234)); *Sriraman v. Patel*, 761 F. Supp. 2d 7, 22-23 (E.D.N.Y.), *amended by* 761 F. Supp. 2d 23 (E.D.N.Y. 2011) ("[T]he cause of action for an accounting is not to be confused with a partner's right of access to the partnership's books and records."), or that a principal is not precluded from *seeking* an equitable accounting merely because she "*could* bring [but has not brought] an action at law," *Sriraman*, 761 F. Supp. 2d at 23 (citing *Koppel*, 125 A.D.2d at 234 and *DiTerlizzi v. DiTerlizzi,* 92 A.D.2d 604, 606 (N.Y. App. Div. 2d Dep't 1983)). We need not address the precise contours of *Koppel*; it suffices to note that cases subsequent to *Koppel* make clear that New York law requires even a principal in a fiduciary relationship to demonstrate that she has no adequate remedy at law before a court may award an equitable accounting.

5

seeking an equitable accounting. *Soley v. Wasserman*, No. 08 CIV. 9262 (KMW) (FM), 2013 WL 6244428, at *1 (S.D.N.Y. Dec. 3, 2013). The issue is thus waived. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration."). The argument is also without merit. The district court is afforded wide discretion in evaluating the sufficiency of discovery. *See Cabellero v. City of New York*, 48 A.D.3d 727, 728 (N.Y. App. Div. 2d Dep't 2008) ("The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the [trial court]."); *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004) ("It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery."). Accordingly, it was within the District Court's discretion to conclude that unproduced documents may no longer have existed, to limit the scope of discovery, and to determine that, notwithstanding the fact that not every conceivable document was produced, Soley received "the benefit of full document discovery and numerous depositions." *Soley*, 2013 WL 5780814, at *2.

Soley also argues that, in finding that the jury verdict and award of damages constituted an adequate remedy at law, the District Court in effect shifted the burden to Soley to prove that Wasserman retained funds that should be disgorged – whereas the burden would have been on Wasserman in the context of an equitable accounting. *See Wilde v. Wilde*, 576 F. Supp. 2d 595, 608 (S.D.N.Y. 2008) ("*Wilde I*") ("[Defendant] bears the burden of proof and is presumed to have been unjustly enriched by all transfers and withdrawals unless he can show otherwise."). Insofar as this is true, New York courts clearly do not consider this argument sufficient to render a legal claim inadequate, as it would effectively render *all* legal claims inadequate and thus constructively undermine the basic tenet expressed in *United Telecard*. 90 A.D. 3d at 569.

6

Soley argues, finally, that she sought merely compensatory damages in her jury trial, whereas she sought restitution and disgorgement in her accounting, so that her legal remedy was inadequate. We need not address this claim, however, as Soley neither clearly made this argument to the District Court when seeking her equitable remedy subsequent to the verdict *nor* in her motion seeking reconsideration. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)) (alteration omitted)); *Official Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 159. In short, on the basis of the arguments Soley actually presented to the District Court, and in light of New York law, the District Court did not err in denying Soley's claim for an equitable accounting.[6]

## 2. The District Court's denial of Soley's request to order Wasserman to submit a second accounting

On December 6, 2013, the District Court ordered Wasserman to account for Soley's interests in the Joint Stocks, four initially private placements in which Soley, Wasserman, and Stern jointly invested beginning in 1997. *Soley v. Wasserman*, No. 08 CIV. 9262 (KMW) (FM), 2013 WL 6388401, at *5 (S.D.N.Y. Dec. 6, 2013). Wasserman submitted an accounting on January 17, 2014, including a description of where and how any proceeds from the sale of the

---

[6] Soley also argues to this Court regarding the accounting for Patriot Partners that, though raised for the first time after the jury trial, the District Court erred in refusing to consider her claims for a statutory accounting and then declining to allow her to amend her complaint to add such claims. We need not reach this question (and, in particular, the question whether the unavailability of an adequate remedy at law is a requirement for a claim for a statutory accounting under New York law) as Soley has repeatedly represented to this Court, as explanation for why her failure to raise the claims prior to this point did not prejudice Wasserman, that "[t]he claim for a statutory accounting is purely a change in the label – not the substance – of the [equitable accounting] claim." Pl. Reply Br. at 23. Relying on this admission, we find the statutory accounting claims properly dismissed for the same reason as the equitable accounting claim.

7

stocks had been deposited since that sale, a description of any warrants exercised for any of the stocks, and documentation including, *inter alia*, "near complete bank records for the entire 12-year period (from 2002 to the present)" which Wasserman claimed "confirm[ed] that the net funds [comprising proceeds from the only stock sold for value, in late 2001, minus any cognizable offsets] remained on deposit in [his wife's] accounts at all times and were not 'used' [for the sake of unjustly enriching Wasserman] by him or his business ventures." A 627. Wasserman further submitted a statement swearing to the accuracy of his accounting. After receiving this accounting, Soley vigorously objected that the accounting was insufficient because, *inter alia*, it provided her only redacted copies of Wasserman's accounts (copies that blacked out detailed financial data but listed the overall value of the accounts in a given month), and that Wasserman had submitted insufficient documentation to prove every claim made in his narrative.

On March 13, 2014, after receiving numerous letters from both parties regarding the sufficiency of the submitted accounting, the District Court both awarded Soley restitution, A 752, and denied her request to order Wasserman to submit another, more complete accounting. *See* A 749 ("Defendant submitted an accounting . . . *in accordance with the Court's order*." (emphasis added)); A 752 n.2 ("The Court denies Plaintiff's request that the Court order Defendant to complete another accounting."). Soley argues, on appeal, that the Court erred in two ways: procedurally, by "fail[ing] to rule on the inadequacy of the accounting," Pl. Br. at 42, and "fail[ing] to hold a hearing to make a final determination of the accounting," *id.* at 46, and substantively, by concluding that Wasserman had met "his initial burden of providing a facially sufficient accounting," *id.* at 43.

8

We review deferentially a trial court's decisions regarding the sufficiency of an accounting. *See Seretis v. Fashion Vault Corp.*, 110 A.D.3d 547, 548-49 (N.Y. App. Div. 1st Dep't 2013) (affirming a district court's rejection of the "[p]laintiff's objections to the adequacy of the information provided [during an equitable accounting]" and noting that "'the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses'" (quoting *Thoreson v. Penthouse Int'l*, 80 N.Y.2d 490, 495 (1992)) (alteration omitted)); *see also In re Estate of Capaldo*, 263 A.D.2d 910, 912 (N.Y. App. Div. 3d Dep't 1999); *Perry v. Blum*, 629 F.3d 1, 14 (1st Cir. 2010) ("The calculation of an equitable accounting is, within broad limits, committed to the district court's discretion."). The "failure to conduct a hearing" is reviewed for abuse of discretion. *1420 Concourse Corp. v. Cruz*, 175 A.D.2d 747, 749 (N.Y. App. Div. 1st Dep't 1991).

Here, and contrary to Soley's claim on appeal, the District Court clearly did rule on her objections, and it was not unreasonable for the court to decline to order a hearing: Soley sent extensive letters to the District Court explaining her objections, and we discern no basis to conclude that a hearing would have been necessary for the court to fully evaluate her claims. As to the substance of the District Court's determination, the Plaintiff has not demonstrated any error regarding the District Court's determination that the accounting was sufficient. First, sworn testimony submitted in support of an accounting *does* constitute relevant evidence that the district court may consider when evaluating an accounting, even when it is not, in every case, supported by documentation. *See Wilde v. Wilde*, No. 07 CIV. 0677 (WHP), 2008 WL 5411915, at *1-2 (S.D.N.Y. Dec. 30, 2008) ("*Wilde 2*") ("Without any means to determine that the rental value of

9

the Florida Condominium was $1,600 per month or even $1,000 per month, the Court will accept [d]efendant's sworn statement that it was $800 per month."); *Seretis*, 110 A.D.3d at 548 ("At trial [defendant] produced the financial records of [the relevant entity] and testified under oath regarding the disposition of the corporate assets, which fulfills defendants' obligation to account."). Wasserman swore to the accuracy of his accounting, including the disposition of the Plaintiff's proceeds from the sale of the relevant stock – facts of which Wasserman had personal knowledge and to which he could attest. *Contrast In re Kaszirer v. Kaszirer*, 298 A.D.2d 109, 110 (N.Y. App. Div. 1st Dep't 2002) (finding that, because accountant's analysis and affidavit failed to specify documentation underlying his opinion, *and* were generally hearsay, "burden never shifted to petitioners to submit evidence in opposition"). Second, Wasserman produced extensive records, including Bank of America records, documenting that he retained funds equal to or greater than the relevant proceeds in his accounts, which he did not withdraw. Even if there were gaps in Wasserman's documentation, we cannot say that this accounting was so deficient that it was error to approve it.

### 3. The District Court's denial of Soley's request for attorney's fees

Soley next argues that the District Court committed error in declining to award her attorney's fees, a matter we review for abuse of discretion. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010). Soley contends that the District Court misunderstood the holdings of *Miltland Raleigh-Durham v. Myers*, 807 F. Supp. 1025, 1062 (S.D.N.Y. 1992), and *Birnbaum v. Birnbaum*, 157 A.D.2d 177, 191 (N.Y. App. Div. 4th Dep't 1990), which, she claims, together stand for the general proposition that under New York law "the American Rule does not apply where a fiduciary has been found liable for misconduct." Pl. Br. at 51 (internal citations omitted). The District Court instead understood these cases as standing for the

10

narrower proposition "that a fiduciary is liable for attorney's fees and other expenses *incurred by an estate in exposing a trustee's misconduct*." SPA 12 (quoting *Miltland*, 807 F. Supp. at 1062). The District Court was, in fact, correct. *See Schneidman v. Tollman*, 261 A.D.2d 289, 290 (N.Y. App. Div. 1st Dep't 1999) ("The motion court's expansion of *Matter of Birnbaum v. Birnbaum* . . . , which permitted the award of attorneys' fees for a testamentary trustee's breach of fiduciary duty to cases, involving a breach of fiduciary duty in a non-testamentary context, is unsupported by the law [and] unwarranted . . . ."). Soley's claim to the contrary is wholly without merit.

### 4. The District Court's award of prejudgment interest to Soley

We next turn to Wasserman's claim, in his cross appeal, that the District Court erred in awarding prejudgment interest to Soley. In its decision awarding Soley an accounting on the Joint Stocks, the District Court found, as fact, that "Plaintiff . . . understood that once the shares of a stock purchased as a private placement were made publicly tradable, they would be sold and Defendant would pay Plaintiff her proportionate share of the proceeds." *Soley*, 2013 WL 6388401, at *1. In so finding, the District Court cited to an affirmation as to this understanding in Soley's sworn trial affidavit. *See* A 202 ¶ 3. In his trial affidavit, Wasserman affirmed, instead, that the parties had no expectation that he would provide Soley proceeds from any sale until "the last of the investments were liquidated." AA 105 ¶ 3. Relying on his understanding of the agreement, Wasserman argued to the District Court (in the District Court's words) that "because the last of the joint stock has not been sold, Plaintiff [would] receive the . . . sale proceeds earlier than the parties had agreed, and has therefore not suffered any loss for which she needs prejudgment interest to compensate." A 781. In awarding prejudgment interest to Soley, the District Court relied on its contrary finding of fact in its earlier decision finding the

11

agreement to be as Soley understood it, and thus held that "[b]ecause Defendant has had the use of Plaintiff's share of the proceeds for nearly thirteen years, not awarding interest would result in a windfall to Defendant."  A 781.

"The award of interest is generally within the discretion of the district court and will not be overturned on appeal absent an abuse of that discretion."  *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co*., 352 F.3d 599, 602-03 (2d Cir. 2003).  On appeal, Wasserman contends only that the District Court erred in finding that the agreement was as Soley characterized it on the ground that reliance on the Soley affidavit for this factual proposition violated the law of the case.  Wasserman points this Court to the District Court's June 21, 2013 motion *in limine* precluding Soley "from adducing evidence intended to establish" an untimely breach of contract claim arising out of a theory that Wasserman was obligated to sell the stocks when they became publicly tradable in 2001.  *Soley*, 2013 WL 3185555, at *8.  Wasserman contends that Soley's July 19, 2013 statement, in her bench trial affidavit, that she "understood that once the shares of a stock purchased as a private placement were publicly tradable, the shares would be sold and Wasserman would pay me my proportionate share of the proceeds," A 202 ¶3, was thus excluded by the June 21, 2013 motion *in limine*, and reliance upon that statement was legal error.

Wasserman's argument is without merit.  The District Court explicitly held in its motion *in limine* that "[t]his limitation . . . 'does not preclude Soley from asserting a claim that Wasserman violated his fiduciary duty "by refusing to account" for the Joint Stock Investments when Soley requested an accounting.'"  *Soley*, 2013 WL 3185555, at *8 (quoting *Soley v. Wasserman*, No. 08 CIV. 9262 (KMW) (FM), 2013 WL 526732, at *7 (S.D.N.Y. Feb. 13, 2013)).  In awarding prejudgment interest to Soley from December 2001, the District Court clearly found that the question whether the parties had agreed that Wasserman would return the stock when it

12

was sold in 2001 was material to this aspect of the accounting claim. As such, even if the District Court's prior order rendered the affidavit inadmissible for the purpose of proving an untimely contract claim, that order did not affect the affidavit's admissibility for the purpose for which the District Court used it: calculating interest on an admissible claim. *See* AA 151-54 (in which the District Court responded to a slightly different iteration of this law of the case argument proffered by Wasserman by noting that "[t]he Court ordered interest on Plaintiff's *accounting* claim, not on her dismissed breach of contract claim," AA 154). Further, even if the District Court's prior order rendered Soley's statement in her affidavit initially inadmissible, Wasserman, by testifying to the nature of the Agreement in *his* affidavit, offering testimony from Stern on this same question, and relying on this cumulative testimony to construct a contract defense theory in the prejudgment interest phase of the proceedings, *clearly* opened the door such that the District Court could properly rely on Soley's affidavit for purposes of finding this fact.

### 5. The District Court's affirmance of the bill of costs

Finally, Wasserman argues that the District Court erred in finding that Soley was the "prevailing party" under Federal Rule of Civil Procedure 54(d)(1), which states as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The decision to award costs pursuant to Rule 54(d)(1) "rests within the sound discretion of the district court." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)). "Nevertheless, we review questions of law, including . . . . [w]hether a litigant is a 'prevailing party' within the meaning of Rule 54(d)" *de novo. Id.*

Soley cites to *Dattner* as providing the controlling legal standard for determining which party is the "prevailing party" under Rule 54(d). In *Dattner*, our circuit determined that cases interpreting the meaning of "prevailing party" for purposes of fee-shifting statutes are directly applicable for interpreting the same terminology in Rule 54(d)(1). *Id.* at 101-02. In the context of such fee-shifting statutes, the Supreme Court has stated both that "a . . . plaintiff is a prevailing party . . . . [i]f the plaintiff has succeeded on 'any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit,'" *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)), and that "the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all," *id.* at 790. *See also LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 757 (2d Cir. 1998) ("The question of whether a plaintiff is a 'prevailing party' within the meaning of the fee-shifting statutes is a threshold question that is separate from the question of the degree to which the plaintiff prevailed.").

In the face of this precedent, Wasserman relies on *TIG Insurance Co. v. Newmont Mining Corp.,* 413 F. Supp. 2d 273, 286-87 (S.D.N.Y. 2005), *aff'd*, 226 F. App'x 49 (2d Cir. 2007) (summary order), to argue that the prevailing party determination is based on a "totality of the circumstances" test. Def. Br. at 57. *TIG* was a case which (1) interpreted a contract, not Rule 54(d); (2) interpreted that contract on the basis of New York cost rules, not the Federal Rules of Civil Procedure; and (3) in any case, did not determine which party prevailed, but merely held that neither party would be awarded costs regardless of who had prevailed, *see TIG Ins. Co.*, 226 F. App'x at 51-52 ("In so stating, the district court held, in substance, that whether or not either party had prevailed as a legal matter, neither merited an award of any amount of fees and costs. Having

14

examined the record in this case, we do not believe the district court abused its discretion in rendering such an award of fees."). In response to Soley's invocation of *Dattner* and its progeny, Wasserman's only answer is that "Soley improperly rel[ies] on inapposite decisions." Def. Reply Br. at 9. The inapposite decision is not *Dattner* but *TIG*; under the proper standard, Soley's victories on her claims were sufficient to make her the prevailing party in this litigation.

Accordingly, and finding no merit in either parties' remaining arguments, we **AFFIRM** the judgments and orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
