## Xiaoyan Lu v Sagewood SFF III LLC

2025 NY Slip Op 30934(U)

March 21, 2025

Supreme Court, New York County

Docket Number: Index No. 651832/2020

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------------X

XIAOYAN LU, YIMIN WU, XIAOZHEN ZHAN, COMPASS
REAL ESTATE INVESTMENT LLC,Z&W MANAGEMENT
LLC

Plaintiff,

- v -

SAGEWOOD SFF III LLC,SAGEWOOD MANAGEMENT
LLC,SAGEWOOD KT II LLC,KT SAGEWOOD
LLC,JINGYING WU,

Defendant.

-------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651832/2020 |
| **MOTION DATE** | 08/02/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 134, 135, 136, 137, 138, 139, 140, 141

were read on this motion for        SUMMARY JUDGMENT (AFTER JOINDER)     .

On March 28, 2024, the Court granted partial summary judgment to Plaintiffs, declaring that "plaintiffs are full members of Sagewood SFF III LLC ("Fund III") who have satisfied their capital contributions and are entitled to all the benefits and privileges accruing to Fund III members" (NYSCEF 112). On November 26, 2024, the summary judgment order was affirmed by the Appellate Division, First Department (*Lu v Sagewood SFF III LLC*, 232 AD3d 549 [1st Dept 2024]). As a result of this and prior motion practice, Plaintiffs' claim for an accounting is all that remains in this action.

On July 18, 2024, the parties stipulated to conduct an additional round of summary judgment briefing to resolve the accounting claim against Fund III (the Eighth Cause of Action),[1]

---

[1] Plaintiffs do not move on (or propose any procedure to pursue) the Seventh Cause of Action for an accounting against Sagewood KT II LLC ("Fund II"). Since Plaintiffs are no longer members of Fund II after the Court's earlier summary judgment decision concluding they rolled

**651832/2020  LU, XIAOYAN vs. SAGEWOOD SFF III LLC**
  **Motion No.  005**

**Page 1 of 4**

[* 1]

which the Court so-ordered (NYSCEF 132). Plaintiffs' motion was submitted without opposition. The motion is **granted**.

A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212 [b]). The moving party must make a prima facie showing that they are entitled to a judgment as a matter of law (*Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]). "If the moving party fails to meet this initial burden, summary judgment must be denied 'regardless of the sufficiency of the opposing papers'" (*id.* [citing *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). However, if the moving party makes this showing, the burden shifts to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v New York*, 49 NY2d 557, 562 [1980]).

To obtain an equitable accounting, a party must show (1) "a fiduciary or confidential relationship"; (2) "money entrusted to the defendant imposing the burden of an accounting"; (3) "the absence of a legal remedy"; and (4) "in some cases a demand and refusal" (*Metropolitan Bank & Trust Co. v Lopez*, 189 AD3d 443, 446 [1st Dept 2020]). "An equitable accounting involves a remedy designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession"

---

over their Fund II investment into Fund III, which was affirmed on appeal, this claim is **dismissed** as moot.

651832/2020 LU, XIAOYAN vs. SAGEWOOD SFF III LLC Page 2 of 4
Motion No. 005

(*Hall v Louis*, 184 AD3d 437, 438-439 [1st Dept 2020] [internal quotation marks omitted]; *Roslyn Union Free School Dist. v Barkan*, 16 NY3d 643, 653 [2011]).

The party submitting the accounting has the burden of proving that he fully accounted for that which is entrusted, and while the objecting parties bear the burden of "coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing[,] the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (*Donati v Marinelli Const. Corp.*, 21 AD3d 440, 441 [2d Dept 2005]). "Conjecture and suspicion are insufficient" (*Matter of Salvati*, 75 Misc 3d 1231(A) [Sur Ct, Westchester County 2022]). Ultimately, "[t]he calculation of an equitable accounting is, within broad limits, committed to the [trial] court's discretion" (*Soley v Wasserman*, 639 Fed Appx 670, 677 [2d Cir 2016]).

Plaintiffs have demonstrated their entitlement to summary judgment on the Eighth Cause of Action. The elements of the accounting are met. Fund III held Plaintiffs' money in trust and no legal remedy would be sufficient. Thus, Plaintiffs are entitled to summary judgment on their Eighth Cause of Action.

Defendants filed no opposition to the motion and have not submitted an accounting. In advance of this motion, they indicated an outside accountant would complete an accounting report around April 2024, which was then briefly delayed during tax season (NYSCEF 123; 125-27). However, as of July 2024, Plaintiffs indicated they were not able to resolve the Accounting claims consensually (NYSCEF 129).

In the absence of a response or accounting from Defendants, Plaintiffs attach an expert report (the "KLG Report") prepared by KLG Business Valuators & Forensic Accountants ("KLG") (NYSCEF 136). The KLG Report concludes that Plaintiffs Lu, Zhan, Wu, and

651832/2020   LU, XIAOYAN vs. SAGEWOOD SFF III LLC
Motion No.  005

Page 3 of 4

Compass Real Estate Investment LLC are due distributions of $147,806 per plaintiff based on an initial investment of $180,000 per person and had "$20,097 of invested capital remaining in Fund III" (*id.*). This accounting runs through 2023 (*id.*).

The KLG Report is thorough and tracks the investment of each Fund III member over time and is appropriately based on Fund III's Form K-1s. By declining to file opposition, the Defendants have not met their burden to demonstrate a dispute of fact or that the KLG Report was inaccurate or incomplete.

Accordingly, it is

**ORDERED** that Plaintiffs' motion for summary judgment is **granted** as to their Eighth Cause of Action for an Accounting. The Seventh Cause of Action for an accounting by Fund II is **dismissed** as Plaintiffs are no longer members of Fund II after the rollover of their investment into Fund III; and it is further

**ORDERED and ADJUDGED** that the accounting as submitted by Plaintiffs is accepted.

This constitutes the Decision and Order of the Court. The Clerk is directed to enter judgment in favor of Plaintiffs upon submission of a proposed judgment in appropriate form, with taxable costs upon submission by Plaintiffs of a form of judgment and bill of costs.

20250321093171MC0HEN551A86F1E0E842049E2CFE4DE46FA463

_____
**3/21/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651832/2020   LU, XIAOYAN vs. SAGEWOOD SFF III LLC
Motion No.  005

Page 4 of 4