721 So.2d 751 (1998)
Tom ZERQUERA and Blanca Valdivia, Appellants,
v.
CENTENNIAL HOMEOWNERS' ASSOCIATION, INC., Appellee.
Nos. 97-1600, 97-596.
District Court of Appeal of Florida, Third District.
November 4, 1998.
Stephen E. Tunstall, Coral Gables, for appellants.
Lewis J. Levey and James P.E. Roen, Coconut Grove, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
Homeowners Tom Zerquera and Blanca Valdivia appeal from an adverse final judgment entered after a non-jury trial in an action for injunctive relief as to fines levied against them by Centennial Homeowners' Association, Inc. for violations of its amended declaration of covenants. The Association counterclaimed against the homeowners for enforcement of the covenants. The trial court entered judgment against Zerquera in the amount of $200, permanently enjoined him from parking a truck on or about his property, and ordered that he pay attorneys fees and costs. The court entered judgment against Valdivia, foreclosed a lien placed on her property in the amount of $2,145.75, ordered that her property be sold to satisfy the judgment, and ordered that she pay attorneys fees and costs. We affirm the final judgment against Zerquera, but reverse in part as to Valdivia.
In 1989, Zerquera purchased a home in Centennial Park, which was subject to a recorded Declaration of Covenants, Conditions and Restrictions. In 1991, the covenants were amended to provide for Association rules and regulations containing numerous *752 restrictions on the homeowners' use of their property. In 1992, Hurricane Andrew damaged the homes in Centennial Park. Thereafter, Zerquera purchased a truck to use in the rebuilding. In December 1993, Zerquera purchased a boat that he kept on his property. Between April 1994 and July 1995, Zerquera was sent eleven notices of violation relating to the truck, boat and construction debris, which were all visible from the common area. After Zerquera received the fourth notice of violation, he attended a Board meeting in December 1994, wherein he claimed that he was told that the problem would be resolved if he constructed a fence to place the boat and truck behind. Zerquera then installed a fence and parked his truck and boat behind it. In May 1995, the Association fined Zerquera $100 for keeping his boat and truck on his property. In June 1995, a second $100 fine was imposed.
In May 1993, Valdivia purchased a hurricane-damaged home in Centennial. She did not hire a contractor but her son occupied the home and worked to repair it. Long after the hurricane, her house remained in a state of disrepair. The Association sent Valdivia notices of non-compliance for not completing repairs to the roof and for debris on her property. In July 1995, the Board imposed a $900 fine against Valdivia as a result of the debris and in August 1995, the Board imposed an $1100 fine for non-completion of the roof work. Thereafter, the Association placed a lien on Valdivia's property.
Zerquera first maintains that the Association did not have the authority to assess fines against him based upon violations of the amended covenants, because he purchased his property before the covenants were amended. We conclude that the grantor exercised its right to amend the covenants in a reasonable manner. Thus, the amended covenants are valid and enforceable against Zerquera. See Holiday Pines Property Owners Ass'n, Inc. v. Wetherington, 596 So.2d 84, 87 (Fla. 4th DCA 1992).
Zerquera also relies upon the doctrine of estoppel as a defense for his non-payment of the fines levied. "A party asserting estoppel must show that: (1) the party to be estopped made a representation of material fact and later took a position contrary to that representation; (2) the party claiming estoppel relied upon this representation; and (3) that party suffered a detrimental change in position as a result of this reliance." Killearn Acres Homeowners Ass'n, Inc. v. Keever, 595 So.2d 1019, 1022 (Fla. 1st DCA 1992)(citing Enegren v. Marathon County Club Condominium West Ass'n, Inc., 525 So.2d 488, 489 (Fla. 3d DCA 1988)).
Extensive conflicting evidence was presented at trial regarding whether the Board gave Zerquera permission to keep a truck on his property once he constructed an approved fence, or whether the fence was intended solely to correct the violation regarding his boat. The trial court resolved these conflicts in favor of the Association and found:
Plaintiff, Zerquera, is a disgruntled homeowner who does not wish to abide by the Association's rules.... Zerquera had three problems which the Board addressed. He resolved two but refused to address the third. He contended that since he was an "owner-builder," he was exempt from the rule which prohibited the parking of pickup trucks in the community.... The Court concludes the imposition of the fines was proper.
These findings of fact are supported by competent substantial evidence and, as such, may not be disturbed on review. See Merslich v. Schnellenberger, 578 So.2d 725, 726 (Fla. 3d DCA), review denied, 591 So.2d 183 (Fla. 1991). Implicit in these findings is the conclusion that the Board did not represent that construction of the fence would correct the violation regarding Zerquera's truck. Accordingly, there is no estoppel of the Association's right to assess fines for this violation or obtain injunctive relief.
Valdivia contends that the Association was not authorized to impose daily fines against her for violations of the amended covenants. The record supports the trial court's finding that the Association met its burden to prove the allegations of its counterclaim regarding her violations of the amended covenants. However, the Association did not have the authority to impose *753 fines in the amounts assessed. Article IX, Section 3 of the Amended Covenants states:
C. Amounts: The Board of Directors (if its findings are made against the Owner) may impose special assessments against the Lot owned by the Owner as follows:
.....
(3) Third and subsequent non-compliances, or a violation or violations which are of a continuing nature: a fine not in excess of Five Hundred Dollars ($500.00).

(Emphasis added). Therefore, we reverse the final judgment imposed against Valdivia and remand with directions to enter a final judgment in the amount of $500.00.
The appellants' remaining claims are without merit. We affirm the awards of attorneys fees and costs against both Zerquera and Valdivia.
Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.