PER CURIAM.
Tom Zerquera (“Homeowner”) appeals the trial court’s Final Judgment of Foreclosure in which the court ordered a foreclosure sale of Homeowner’s homestead to satisfy a judgment owed to Centennial Homeowners’ Association (“Centennial”). We affirm.
In 1989, Homeowner purchased Centennial property that was subject to a Declaration of Covenants, Conditions and Restrictions (“Declaration”). In particular, the Declaration contained three sections which provided that: (1) assessments would be a continuing lien on the property; (2) Centennial could foreclose on the property if the continuing lien was not paid; and (3) Centennial could amend the Declaration in the future. In 1991, Centennial amended the Declaration to provide that violators of the Declaration’s covenants could be fined and that said fines would be treated as assessments for purposes of collection.
In 1995, Centennial fined Homeowner $200 for keeping a boat and parking a truck on his property, both violations of the Declaration’s covenants. Homeowner challenged the fine in court arguing that he had no notice of the 1991 amendments. On appeal, this Court held that the amended covenants were valid and enforceable against Homeowner and affirmed an award against Homeowner for about $21,-400, which consisted of the $200 fine, attorney fees and costs. See Zerquera v. Centennial Homeowners’ Association, Inc., 721 So.2d 751 (Fla. 3d DCA m8)(“Zerquera I”). On March 16, 1999, the trial court entered a Final Judgment of Foreclosure as to Homeowner. In that Order, the trial judge added approximately $9,500 in attorney’s fees and costs so that the total amount owed by Homeowner to Centennial was $31,023.79 and ordered a foreclosure sale if Homeowner did not pay the Judgment within 3 days of the Order. Homeowner now appeals the Order of foreclosure on the ground that he did not have proper notice of the 1991 amendments to the Declaration.
The issue previously before this Court in “Zerquera I” was whether fines could be imposed against Homeowner pursuant to the 1991 amendments to the Declaration. This Court found that such fines could be levied against Homeowner because Centennial had “exercised its right to amend the covenants in a reasonable manner.” Zerquera, 721 So.2d at 752. The issue before us now is whether the fines levied against Homeowner can be enforced via a foreclosure sale of Homeowner’s homestead property pursuant to the 1991 amendments to the Declaration. As in “Zerquera I”, we find that the 1991 amendments to the Declaration are valid and enforceable. For the following reasons, we also find that Homeowner’s homestead may be foreclosed to satisfy Centennial’s $31,023.79 Judgment.
Under Bessemer v. Gersten, 381 So.2d 1344 (Fla.1980), homestead property may be foreclosed to satisfy a continuing lien on the property if the homeowner had either actual or constructive notice of the covenant which provided for said lien when the owner took title to the property. In the instant matter, when Homeowner took title to the homestead property in 1989, he had at least constructive notice of the Declaration. In particular, Homeowner had constructive notice of the three sections of the Declaration provisions providing that: (1) assessments would be a continuing lien; (2) Centennial could foreclose the lien *696 against the homestead property if said lien was not paid; and (3) Centennial could amend the Declaration in the future. We find that, by virtue of these provisions, Homeowner was on proper notice when Centennial later amended the Declaration to provide that fines would be treated as assessments for purposes of collection and that, consequently, his homestead was subject to foreclosure if said fines were not paid.
Accordingly, the Final Judgment of Foreclosure is affirmed.