# Third District Court of Appeal

## State of Florida

Opinion filed September 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-821
Lower Tribunal No. 14-22854
_____


**Vicken Bedoyan,**
Appellant / Cross-Appellee,

vs.

**Harout Samra,**
Appellee / Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Dorta Law, and Matias R. Dorta and Gonzalo R. Dorta, for appellant/cross-appellee.

Homer Bonner, and Christopher J. King and Antonio M. Hernandez, Jr., for appellee/cross-appellant.


Before EMAS, SCALES and HENDON, JJ.

HENDON, J.

Vicken Bedoyan ("Bedoyan") appeals from a final judgment in favor of plaintiff below Harout Samra ("Samra"). Samra cross-appeals from the trial court's denial of his statutory buyout claim, and the court's directed verdict in Bedoyan's favor on Samra's accounting and breach of fiduciary duty claims. We affirm the final judgment, the trial court's directed verdicts in Bedoyan's favor on Samra's breach of fiduciary duty and equitable accounting claims, as well as the trial court's denial of Samra's statutory buyout claim.

Facts

Samra and Bedoyan are former business partners. Samra formed and operated his jewelry business, World Precious Metals ("WPM"), before he met Bedoyan. In 2009, Samra approached Bedoyan as a potential partner who could operate the business aspects of Samra's ongoing jewelry business. They allegedly entered into an oral partnership agreement in 2009 to buy and sell gold and other precious metals for profit, and to split those profits 50/50. The partners eventually created two companies as partnership assets, one in Bolivia ("WPM Bolivia") and one in Miami ("WPM Miami"). WPM Miami operated the precious metals business out of the Seybold building and was very profitable, while WPM Bolivia existed only to deliver mined gold to WPM Miami for later shipment and

sale to refineries; WPM Bolivia has no profits. Throughout the duration of the partnership, Samra supplied the clientele, jewelry, and metals expertise while Bedoyan ran the accounting and business end.

In 2014, Samra sued Bedoyan for breach of their oral partnership agreement. Samra claimed Bedoyan breached the partnership and his fiduciary duties in February 2013 when Bedoyan abruptly stopped paying Samra and announced that Samra was not his partner but his employee. Samra raised common law claims of breach of the partnership agreement and breach of fiduciary duty, an equitable claim for an accounting, and a statutory claim demanding a buyout of his partnership interest under the Revised Uniform Partnership Act of 1995 ("RUPA"),[1] section 620.8405,

---

[1] As explained in Larmoyeux v. Montgomery, 963 So. 2d 813, 819 (Fla. 4th DCA 2007),

> Effective January 1, 1996, the legislature amended Florida's partnership law to adopt in substantial part the Revised Uniform Partnership Act ("RUPA") (1994). Ch. 95–242, § 13, Laws of Fla.; . . . RUPA adopted the "entity theory" of partnership, viewing the partnership as a separate entity rather than an aggregate of individual partners. See § 620.8201(1), Fla. Stat. (2001) ("A partnership is an entity distinct from its partners."). As a result, partnerships no longer automatically dissolve when one partner leaves. See id. Instead, the partners who leave the partnership are "disassociated." §§ 620.8601, 620.8602, Fla. Stat. (2001). As the comments to RUPA explain, "disassociation" is an "entirely new concept" used "to denote the change in relationship caused by a partner's ceasing to be

Florida Statutes (2022).[2] Bedoyan denied the partnership's existence, claimed that Samra was merely an employee, and counterclaimed for

---

associated in the carrying on of the business." Unif. P'Ship Act § 601, cmt. 1 (1997).

[2] Section 620.8405 , Florida Statutes, provides:

(1) A partnership may maintain an action against a partner for a breach of the partnership agreement, or for the violation of a duty to the partnership, causing harm to the partnership.

(2) A partner may maintain an action against the partnership or another partner for legal or equitable relief, with or without an accounting as to partnership business, to:

(a) Enforce such partner's rights under the partnership agreement;
(b) Enforce such partner's rights under this act, including:
1. Such partner's rights under s. 620.8401, s. 620.8403, or s. 620.8404;
2. Such partner's right upon dissociation to have the partner's interest in the partnership purchased pursuant to s. 620.8701 or enforce any other right under ss. 620.8601-620.8705; or
3. Such partner's right to compel a dissolution and winding up of the partnership business under s. 620.8801 or enforce any other right under ss. 620.8801-620.8807; or
(c) Enforce the rights and otherwise protect the interests of such partner, including rights and interests arising independently of the partnership relationship.

(3) The accrual of, and any time limitation on, a right of action for a remedy under this section is governed by other law. A right to an accounting upon a dissolution and winding up does not revive a claim barred by law.

4

breach of partnership agreement, conversion, and breach of fiduciary duty.

The case was bifurcated into separate trials to determine liability and damages. In the March 2017 trial on the issue of liability, the jury found in Samra's favor, concluding that Samra and Bedoyan had an oral partnership agreement, WPM Miami and WPM Bolivia were partnership assets, and Bedoyan breached the partnership agreement and his fiduciary duties. The trial court denied Bedoyan's post-trial motion for directed verdict and new trial.

In February 2021, the trial court held a bench trial, pursuant to the parties' stipulation, on the damages portion of the lawsuit to determine 1) the amount of damages stemming from Bedoyan's breach of the partnership agreement, requiring valuation of the partnership's two assets, WPM Bolivia and WPM Miami, and 2) whether Samra dissociated from the partnership under RUPA and is entitled to a buyout of his partnership interest under sections 620.8405(2)(b)(2) and 620.8701, Florida Statutes.[3] Samra and Bedoyan testified, along with their respective accounting

---

[3] Section 620.8701, Florida Statutes (2022), provides:

(1) If a partner is dissociated from a partnership without resulting in a dissolution and winding up of the partnership business under s. 620.8801, the partnership shall cause the dissociated partner's interest in the partnership to be purchased for a buyout price determined pursuant to subsection (2).

5

experts. The trial court entered a final judgment in Samra's favor for $2,204,567.00 plus prejudgment interest. The trial court noted in its final judgment that Samra also sought damages for Bedoyan's breach of his fiduciary duty, a count Samra prevailed on in the liability trial, and an equitable accounting. The trial court, however, directed a verdict in favor of Bedoyan on both of those claims at the close of Samra's case in chief in the damages portion of the lawsuit, finding there was no breach or damages for those claims separate and apart from the breach of contract.[4]

The trial court denied Samra's statutory buyout claim under RUPA as against Bedoyan personally. The Court found that Samra was not entitled to the partnership interest buyout from Bedoyan under section 620.8701, concluding that the plain meaning of the statute expressed the intent of the Legislature not to allow a resigning partner to look to the personal assets of other partners to recover the value of their partnership interest. This is so, the trial court reasoned, given that a partner may at any time elect to disassociate with or without cause. Thus, only the partnership entity itself has a statutory obligation to pay a disassociating

---

[4] The judge in the final judgment also ruled, "This Court will not now revisit either the jury's [2017] verdict or the denial of [Bedoyan's] motion for a directed verdict and for a new trial. So [Bedoyan's] directed verdict motion to the underlying jury verdict, renewed during the damages trial, is denied."

6

partner the buyout price. For that reason, the court concluded Bedoyan is not personally liable for the buyout obligation.

Bedoyan appealed from the final judgment, and Samra cross-appealed from the directed verdict on his claims for breach of fiduciary duty and an equitable accounting, and from the denial of his RUPA buyout claim.

Discussion

We first address whether the trial court erred by rendering a final judgment in Samra's favor, and conclude that it did not. A trial court's findings of fact in a judgment rendered after a bench trial are reviewed for competent, substantial evidence. Haas Automation, Inc. v. Fox, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018). The trial court's legal conclusions are reviewed de novo. See id.; Gutierrez v. Sullivan, 338 So. 3d 971, 973–74 (Fla. 3d DCA 2022) (quoting Universal Beverages Holdings, Inc. v. Merkin, 902 So. 2d 288, 290 (Fla. 3d DCA 2005)) ("When a cause is tried without a jury, the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous."); Zerquera v. Centennial Homeowners' Ass'n, Inc., 721 So. 2d 751 (Fla. 3d DCA 1998) (holding that, in a bench trial, a judge's findings of fact will not be disturbed

unless totally unsupported by competent and substantial evidence); Dreyfuss v. Dreyfuss, 701 So. 2d 437, 440 (Fla. 3d DCA 1997) (holding the appellate court has the duty to affirm trial court's findings that are supported by competent, substantial evidence).

There is competent, substantial evidence in the record from which a reasonable jury could conclude that Samra and Bedoyan entered into an oral partnership, and that Bedoyan breached the oral agreement. The trial court based the damages resulting from Bedoyan's breach of the partnership agreement as those that reasonably flowed from Samra's 50% interest in the partnership. There is nothing in the record on appeal to warrant disturbing the final judgment as to either liability or damages and the trial court did not abuse its discretion by denying Bedoyan's motion for new trial. See Brown v. Estate of Stuckey, 749 So. 2d 490 (Fla.1999).

We next address Samra's contention that the trial court erred by granting Bedoyan's motion for directed verdict on Samra's request for an accounting. Our review of an order granting a directed verdict is de novo. Banco Espirito Santo Int'l, Ltd. v. BDO Int'l, B.V., 979 So. 2d 1030, 1032 (Fla. 3d DCA 2008) (quoting Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 329 (Fla. 2001)). To state a claim for an equitable accounting, Samra, as plaintiff, had to allege that a fiduciary relationship or a complex

transaction existed, and second, that a remedy at law would be inadequate.  Bankers Tr. Realty, Inc. v. Kluger, 672 So. 2d 897, 898 (Fla. 3d DCA 1996) (citing F. A. Chastain Constr., Inc. v. Pratt, 146 So. 2d 910, 913 (Fla. 3d DCA 1962)).[5]  The trial court acknowledged complexity of the damages calculations involved in sorting out the invoices between the two companies and the partnership values. The trial court additionally observed that Samra's accounting expert had acquired all of the discovery available

---

[5] See Cause of Action Seeking Equitable Accounting of Business Organization, James L. Buchwalter, J.D., 83 Causes of Action 2d 455:

> An equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter; that is because a plaintiff would be able to obtain the information and damages through discovery of her breach of contract claim and thus has an adequate remedy at law. Associated Mortgage Bankers, Inc. v. Calcon Mutual Mortgage LLC, 159 F. Supp. 3d 324 (E.D. N.Y. 2016) (applying New York law).  Furthermore, an accounting is generally unnecessary in a breach of contract action under state law if a party may use the discovery process and, when necessary, orders of the court to enforce compliance with discovery obligations to determine the full amounts owed under the contract. Ralls Corp. v. Huerfano River Wind, LLC, 27 F. Supp. 3d 1303 (N.D. Ga. 2014).  The classic adequate remedy at law is money damages. Thus, a member of a limited partnership who prevailed, in a jury trial, against a general partner, on a claim for breach of fiduciary duty, and who was awarded compensatory and punitive damages, was not entitled to equitable accounting of her interest in the limited partnership since the jury award of damages was an adequate remedy at law. Soley v. Wasserman, 639 Fed. Appx. 670 (2d Cir. 2016).

and calculated "to the penny" Samra's share of the partnership. The trial court correctly concluded that the resulting damages were an adequate remedy at law with no need for an additional, and duplicative, equitable accounting. On review of the record, we find the facts alleged in Samra's complaint and as developed during the damages phase of trial do not demonstrate the inadequacy of a legal remedy. We therefore affirm the directed verdict in Bedoyan's favor on the equitable accounting claim. Banco, 979 So. 2d at 1032.

The trial court also correctly directed a verdict in Bedoyan's favor as to Samra's breach of fiduciary duty. Florida law does not allow a party damaged by a breach of contract to recover exactly the same contract damages via a tort claim. "It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract. Island Travel & Tours, Co. v. MYR Indep., Inc., 300 So. 3d 1236, 1239–40 (Fla. 3d DCA 2020) (quoting Peebles v. Puig, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017)) ("[F]or an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach."). A plaintiff bringing both a breach of contract and a tort claim

10

must allege, in addition to the breach of contract, "some other conduct amounting to an independent tort." Lamm v. State St. Bank & Tr., 749 F.3d 938, 947 (11th Cir. 2014) (quoting U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc., 134 So. 3d 477, 480 (Fla. 2d DCA 2013)); Weimar v. Yacht Club Point Ests., Inc., 223 So. 2d 100, 103 (Fla. 4th DCA 1969). See also Medmoun v. Home Depot U.S.A., Inc., No. 8:21-CV-1585-KKM-CPT, 2022 WL 1443919, at *8 (M.D. Fla. May 7, 2022) (dismissing the plaintiff's negligence claim because it was not independent of her breach of contract claim).

Samra's allegation of breach of fiduciary duty was not independent from his allegation of breach of contract; the same conduct gave rise to both. As such, there are no damages for breach of fiduciary duty separate and apart from the breach of the contract, and the trial court correctly directed a verdict against Samra on this issue. See Peebles, 223 So. 3d at 1068; Ghodrati v. Miami Paneling Corp., 770 So. 2d 181, 183 (Fla. 3d DCA 2000) ("A plaintiff . . . may not recover damages for fraud that duplicate damages awarded for breach of contract.").

Finally, we determine that the trial court did not err by denying Samra's statutory buyout claim against Bedoyan pursuant to sections 620.8405(2)(b)2. and 620.8701, Florida Statutes. Although Samra's

complaint states that the partnership must cause Samra's interest in the partnership to be purchased, the "wherefore" clause demanded buyout as against Bedoyan personally. RUPA required Samra, upon dissociation, to bring a buyout claim against the partnership, not against Bedoyan personally. § 620.8701(9), Fla. Stat. (2020) ("A dissociated partner may maintain an action against the partnership, pursuant to s. 620.8405(2)(b) 2., to determine the buyout price of that partner's interest, any offsets under subsection (3), or other terms of the obligation to purchase.") (emphasis added). The court concluded that this provision disallows one partner from suing another partner personally for a buyout of the partnership interest, given that a partner may at any time dissociate from a partnership with or without cause. Thus, the court reasoned, only the partnership entity itself has a statutory obligation to pay a dissociating partner the buyout price.

The trial court correctly concluded that there was no difference between what Samra was entitled to recover for breach of the partnership agreement and what he would have been entitled to recover for a statutory buyout of his half of the partnership assets. "In both cases," the trial court concluded, "the measure of relief is the value of Samra's share in the partnership as of February 2013, the date of dissociation and breach." We find no error in the trial court's interpretation and application of RUPA to the

12

facts of this case. <u>Magdalena v. Toyota Motor Corp</u>., 253 So. 3d 24, 25 (Fla. 3d DCA 2017) (holding the de novo standard of review applies to the trial court's interpretation of a statute).

We therefore affirm the final judgment, the trial court's directed verdicts in Bedoyan's favor on Samra's breach of fiduciary duty and equitable accounting claims, and the denial of Samra's claim for buyout under RUPA.

Affirmed.