# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1658
Lower Tribunal No. 2020-CA-006176-O

_____

WILLIAM P. BATTAGLIA, individually and as Co-Trustee of the S.C. BATTAGLIA IRREVOCABLE TRUST DATED DECEMBER 28, 1972,

Appellant,

v.

ROBERT E. BATTAGLIA, individually and as Co-Trustee of the S.C. BATTAGLIA IRREVOCABLE TRUST DATED DECEMBER 28, 1972, et al.,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
John E. Jordan, Judge.

December 23, 2025

## ON MOTION FOR REHEARING

PER CURIAM.

We grant in part the motion for rehearing filed by William Battaglia ("Appellant"), withdraw our prior per curiam affirmance, and substitute this opinion in its place. We will only consider a subsequent motion for rehearing on the issue addressed in this opinion.

Following a five-day bench trial, the trial court entered a judgment that removed Appellant as co-trustee of a family trust, leaving his brother, Robert Battaglia, as sole trustee ("Appellee").[1] The trial court also entered a $2,288,771.99 judgment in the family trust's favor against Appellant, individually. Appellant challenges this decision, and we have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). We reverse the trial court's damages award in part, remanding for the entry of an amended final judgment that reduces the judgment against Appellant, individually, by $2,168,719.99. We otherwise affirm.

This matter involves a family trust whose co-trustees and income beneficiaries are the Battaglia brothers. The trust's primary asset is an ownership interest in BFC Investment Corporation ("BFCIC"). BFCIC, in turn, is the general partner and partial owner of Battaglia Properties, LLLP ("BPL"). Although this dispute involves complex interactions between the Battaglia brothers, the trust, BFCIC, BPL, and several companies like BPL, our analysis is straightforward. When the trial court entered a personal judgment against Appellant, it included $2,168,719.99 that

---

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023. Following a protracted record preparation and briefing process, this Court first held oral argument in April 2025 and issued a per curiam affirmance later that month. Appellant then questioned the veracity of Appellee's counsel's statements at oral argument about a partial satisfaction of the judgment. Based on this apparent misunderstanding between Appellee's counsel and this Court, we reset the matter for oral argument in December 2025. This decision follows.

Appellant failed to distribute from BFCIC and BPL to the family trust. No competent, substantial evidence supports the trial court's inclusion of this amount in its final judgment against Appellant because BFCIC and BPL still possess these funds and can distribute them to the family trust. *See* § 736.1002(1), Fla. Stat. (2020) (limiting breach of trust damages to greater of "[t]he amount required to restore the value of the trust property and trust distributions to what they would have been if the breach had not occurred, including lost income, capital gain, or appreciation that would have resulted from proper administration" or profit trustee made based on breach); *Zerquera v. Centennial Homeowners' Ass'n*, 721 So. 2d 751, 752 (Fla. 3d DCA 1998) (judge's findings of fact in nonjury trial will be disturbed only if unsupported by competent, substantial evidence). Thus, the family trust would obtain a windfall if Appellant were held personally liable for this amount. *See generally MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 223–24 (Fla. 2008) (explaining that plaintiff has no right to recover damages more than loss actually inflicted by defendant's action; purpose of these damages is to compensate, not to punish defendants or bestow windfall on plaintiffs). We therefore reverse in part for the trial court to reduce its judgment accordingly.

AFFIRMED in part; REVERSED in part; and REMANDED with directions. TRAVER, C.J., and SMITH and MIZE, JJ., concur.

3

Michael M. Brownlee, of The Brownlee Law Firm, P.A., Orlando, and Laura Kristin Sundberg, of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellant.

Courtney M. Keller and I. William Spivey, II, of Greenberg Traurig, P.A., Orlando, for Appellee, Robert E. Battaglia, individually and as Co-Trustee of the S.C. Battaglia Irrevocable Trust Dated December 28, 1972.

No Appearance for Other Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED